**John Lee SHUTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 013–87.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 6, 1988.

Ken J. McLean (Court-appointed), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III and Ruben Perez, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant entered a plea of not guilty before the court to the charge of attempted capital murder. He was convicted and the court assessed punishment at imprisonment for thirty-five years. In an unpublished opinion, the Court of Appeals dismissed for want of jurisdiction. *Shute v. State*, No. C14–86–840 CR (Tex.App.—Houston [14th Dist.] 1986). Appellant's petition for discretionary review was granted, challenging the ruling of the Court of Appeals on the sufficiency of appellant's notice of appeal.

Appellant was sentenced on September 30, 1986. Appellant gave oral notice of appeal on September 30, 1986. The oral notice was reduced to writing by the clerk of the court on October 8, 1986. An examination of the writing executed by the clerk shows that the form used was merely an acknowledgment by the court of receipt of appellant's oral notice. It was not an independent written notice of appeal as required by Tex.R.App.Pro. 40(b)(1). While such notice may have been sufficient under the prior statute, Article 44.08(a), the current Rules of Appellate Procedure embody the requirement of written notice. Tex.R. App.Pro. 40(b)(1).

Appellant had until October 30, 1986, to file his written notice of appeal. Tex.R. App.Pro. 40(b)(1), 41(b)(1). No motion for new trial was filed. No timely motion for extension of time to file the notice of appeal was filed. No out-of-time appeal has been granted. The only written notice of appeal on record was filed on November 19, 1986, more than two weeks late. In his brief, appellant concedes he knew the requisites of the Rules of Appellate Procedure but held mistaken beliefs as to the sufficiency of his actions. In the absence of a timely, written notice of appeal, the lower court was correct in stating they were without jurisdiction to entertain the appeal. *Martin v. State*, 654 S.W.2d 800 (Tex.App. —Houston [14th Dist.] 1983, no pet.).

We have carefully reviewed the briefs of the respective parties and the opinion of the Court of Appeals and have determined the decision of the Court of Appeals correct. The judgment of the Court of Appeals is affirmed.

DUNCAN, J., not participating.

MILLER, J., concurs in the result.

CLINTON, Judge, concurring.

Appellant's petition for discretionary review implicates certain "new" rules. Texas Rules of Appellate Procedure became effective September 1, 1986, and the instant oral notice of appeal was given September 30, 1986. Presented by his sole ground of review is an issue we determined

warranted review pursuant to Tex.R.App. Pro. Rule 200(c)(4), *viz:*

> "The Court of Appeals erred by holding that TRAP 40(b)(1) mandates that written notice of appeal be filed by appellant or his counsel personally in the face of a document in the transcript, filed by the clerk, reflecting that written notice of appeal was indeed given."

Such is an important question, and that the opinion of this Court actually answers it demonstrates that our grant of review was most topical; for reasons about to be given I agree the answer is correct.

Practically from the beginning in this jurisdiction, that a defendant must take the initiative to make known his intent and purpose to appeal has always been the rule. See *Lawrence v. The State,* 14 Tex. 432 (1855):

> "[T]he party aggrieved by the decision of the [trial] court ... must in some way manifest his determination not to abide the decision, but to invoke a revision of the judgment by the appellate court; that is, he must appeal, and that he has done so must appear by the record to enable this court to revise the judgment of the District court in a criminal case."

Within two years thereafter the Legislature adopted its first code of criminal procedure, and article 726 thereof prescribed how an appeal was to be initiated. That statute, soon held "mandatory and imperative," required an appeal be taken "by giving notice thereof in open court, and having the same entered of record." See, e.g.

*Long v. The State,* 3 Tex.App. 322 (Ct.App. 1877), and prior Supreme Court cases therein cited; see also *Lorance v. State,* 20 S.W. 361 (Tex.Cr.App.1892). Though revised in 1965 and again in 1981, former article 44.08, C.C.P., still permitted notice of appeal to be given "orally in open court," while providing an alternative, *viz:* "in writing and filed in duplicate with the clerk." Common custom and practice opted for oral notice of appeal. See McCormick & Blackwell, Texas Criminal Forms and Trial Manual § 79.05, 8 Texas Practice 189. Whatever its prescribed form, the Court has always held compliance with the applicable statute is jurisdictional. See decisions annotated under former article 44.-08, at nos. 35–39.

Then along came the "new" rules of appellate procedure, particularly Rules 40(b)(1) and 41(b)(1) which are *our concern today.*[1] Rule 40(b)(1) is said to have been "based on CCP Art. 44.08 with some modifications and deletions," Proposed Integrated Code, 48 Tex.B.J. 144, at 153 (Comment to proposed rule 20). One main deletion was that notice of appeal "may be given orally in open court." [2]

Given that the goal of the new rules of appellate procedure is uniformity and the framers deliberately deleted the oral notice of appeal in favor of a written notice such as then required by Tex.R.Civ.Pro. 356(c), we may look to the civil side for guidance in resolving the issue presented in the instant cause.

---

1. The purpose and objective of "intergrating" rules of appellate procedure was to have them uniformly applicable both to civil and criminal appellate practice. In drafting proposed rules framers made a conscious decision to conform criminal appellate procedure to that in place on the civil side, tracking the civil rule unless the criminal rule was deemed preferable or required by some criminal law aspect. See generally, Guittard, *Proposed Uniform Rules of Appellate Procedure,* 48 Tex.B.J. 24 (Jan.1985), and Glascow, *Appellate Procedure: An Integrated Code,* 48 Tex.B.J. 142 (Feb.1985).

On the civil side an appeal is perfected by timely filing a cost bond or affidavit in lieu thereof or, if bond is not required, by filing a written notice of appeal with clerk of court. See former rules 354, 355, 356 and 363, Tex.R. Civ.App. On the criminal side a cost bond was

not required, so framers went with a written notice of appeal as the closest parallel manner of perfecting an appeal in a criminal case.

Also under Tex.R.App.Pro. 41 ordinarily an appeal is perfected when the requisite paper is filed within thirty days after some significant event terminating trial process: on civil side, signing of judgment; on criminal side, imposition or suspension of sentence in open court. When there is a motion for new trial, the time for filing is within ninety days after the respective event. Thus, as they desired and proposed, the framers sought to establish a common beginning for the appellate timetable on both sides. *Guittard,* op cit., supra, at 25.

2. Rule 40(b) is described as "a new provision for criminal cases," *id.,* at 154 (Comment to proposed rule 21).

Germane civil rules went through much the same metamorphosis. See *Texas Animal Health Commission v. Nunley,* 598 S.W.2d 233 (Tex.1980), which is squarely on point, *viz:*

> "Rule 354(c) requires that appellants, not required to file appeal bonds, 'file a notice of appeal which shall be filed with the clerk.' *Before January 1, 1976, Rule 353 allowed a notice of appeal to be made 'in open court,* noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute[s] of the Court.' The Commission contends this is still the rule.... *The rules were changed by removing the above language in Rule 353 and amending Rule 354 to require the notice of appeal to be filed separately with the clerk. Attempting to provide notice of appeal in the manner previously authorized does not comply with Rule 354(c)."*

*Id.,* at 234 (my emphasis).[3]

Accordingly, the Supreme Court held that "Rule 354(c) requires the filing of a separate notice of appeal with the clerk," and because the Commission had not done so, dismissed its appeal for want of jurisdiction. *Ibid.* Thus, the opinion below and its order are correct.[4]

---

**3.** Note that after the 1980 opinion in *Texas Animal Health Commission,* supra, the Supreme Court revised and relocated some related rules. For example, content of former rule 354(c) was moved to rule 356(c), and is now found in Tex.R.App.Pro.Rule 40(a)(2).

**4.** Kipling's Ballad aside, in the first paragraph of his dissenting opinion with manifest delight my Brother Teague quotes from a footnote in a June 26, *1985* dissenting opinion of Presiding Judge Onion to the effect the "new procedure" in giving notice of appeal caused "confusion as well as questions of jurisdiction." Then in the next paragraph Judge Teague declares that in adopting rules of appellate procedure "there should always be public hearings, and the best place for this to occur is in the Legislature of this State." The exquisite irony in the matter is that the "new procedure" critiqued by Presiding Judge Onion was that prescribed in former article 44.08, V.A.C.C.P., enacted by the *Legislature* in *1981* after much research and study and just such public hearings!

For the reasons given, then, I concur with essential conclusions of the Court and, therefore, join its opinion and judgment.

TEAGUE, Judge, dissenting.

"Oh, East is East, and West is West, and never the twain shall meet,
Till Earth and Sky stand presently at God's great Judgment Seat;
But there is neither East nor West, Border, nor Breed, nor Birth,
When two strong men stand face to face, though they come from the ends of the earth."

> Kipling, "The Ballad of East and West"

Presiding Judge Onion, in the dissenting opinion that he filed in *McIntire v. State,* 698 S.W.2d 652, 662 (Tex.Cr.App.1985) (Opinion on Appellant's Motion for Rehearing on Petition for Discretionary Review), correctly observed the following: "The new procedure as to giving of the notice of appeal in criminal cases ... has caused confusion as well as questions of jurisdiction. (Citations omitted.)" 698 S.W.2d at 664, fn. 3. I find that today's majority opinion gives true meaning to those words by our Presiding Judge.

In affirming the court of appeals' decision to dismiss appellant's appeal, which that court did after it found that there was

---

When chaff of poetry, speech, unpublished opinion and past characterizations of the Court and its rules are threshed out of his dissenting opinion, the essence remaining is a notion that "substantial compliance" with Tex.R.App.Pro. Rule 40(b)(1) should suffice. Thus he finds it "clear" that counsel for appellant "relied upon the written 'Notice of Appeal' that was filed by the clerk of the court." At 102. Yet, the penultimate entry in writing on the docket sheets attached by Judge Teague to his dissenting opinion as Appendix "C" reads:

"*Written notice of appeal to follow* with permission of the Court."

It did not follow, of course.

The form completed and signed by a deputy district clerk, Appendix "A", is a memorial, *inter alia,* of the fact that appellant "orally gave notice of appeal," such as contemplated by former article 44.08(a), supra, *viz:* "If notice is given orally in open court, the clerk shall in duplicate reduce the same to writing." Those provisions were repealed September 1, 1986, when Texas Rules of Appellate Procedure became effective.

an absence of a timely, written notice of appeal, and notwithstanding the state of the record that then existed, and after it had denied appellant's motion for extension of time to file written notice of appeal,[1] I find that the majority opinion by Judge McCormick easily demonstrates why, before such a thing as Rules of Appellate Procedure, that govern the appeal of a criminal case, should ever become part of our law, there should always be public hearings, and the best place for this to occur is in the Legislature of this State. The worst place I find where this should occur is in the closed conference rooms of this and the Supreme Court of Texas, in which no members of the public, and only the judges and justices of those Courts are permitted to enter and vote on what rules will be adopted, and how they shall read.

Because of the unique differences that exist between a civil appeal and a criminal appeal, I, for one, believe that there should always be two sets of rules of appellate procedure: one for the civil appeal and one for the criminal appeal.

Contrary to Judge McCormick's statement, also see Judge Clinton's reference in his opinion on page 3 thereof, that what the clerk of the trial court filed in this cause, which was entitled "NOTICE OF APPEAL", see Appendix "A", attached to this opinion, also see Appendix "B", also attached to this opinion, which is entitled "Pauper's Oath On Appeal", "was not an independent written notice of appeal as required by Tex.R.App.Pro. 40(b)(1)," (Page 1 of slip opinion), that rule does not mandate that "independent written notice of appeal" must be filed by either the defendant or his attorney. Of course, had those who voted for the rules wanted this to be the case, they would have undoubtedly put that requirement in the rule. There is simply nothing in the rule that requires "the written notice of appeal to be filed separately with the clerk."

Rule 40(b)(1) provides in part: "Appeal is perfected in a criminal case by giving time-

ly notice of appeal ... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order ... The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State." And that is what occurred here. Cf. *post*, however.

If Judge McCormick and those who join his opinion or agree with his opinion need more "independent written notice of appeal", then I suggest that they look at the written docket sheet in this cause. The written docket sheet is attached to this opinion as "Appendix C".

Furthermore, soon after the above occurred in the trial court, appellant's counsel filed a written designation of the items he wanted included in the appellate record. See Appendix "D", attached to this opinion.

Although it is without precedential value, I find it interesting that in *Wilborn v. State*, No. 411–84, June 11, 1986, not published, eight members of this Court, with only the undersigned dissenting, implicitly agreed that recordation on the docket sheet that oral notice of appeal had been given on the same day was sufficient to establish that written notice of appeal was filed on that day. "In the instant case, the docket sheet of the trial court (an integral part of the case file), clearly reflects that appellant gave an oral notice of appeal that was premature. *Because that notice was listed on the trial court's docket sheet, the notice was filed on May 10, 1983.* According to the holding in *Panelli v. State* [709 S.W.2d 655 (Tex.Cr.App.1986)] the appellant's notice of appeal was sufficient to vest the Tenth Court of Appeals with jurisdiction over the appeal." (My emphasis. Please note that the majority stated that "the notice [of appeal] was filed on May 10,

---

1. The State asserts that the motion was untimely filed. See pp. 1–2, State's Brief in Response to Appellant's Petition for Discretionary Review.

Judge McCormick's opinion agrees with the State. See p. 97.

1983.") In referring to *Wilborn,* supra, I acknowledge that this Court was not making the determination whether the docket sheet could in fact serve as a written notice of appeal, but by the above statement it certainly appears to me, if no one else, that the Court implicitly held that it was.

In this instance, appellant, through counsel, gave oral notice of appeal, after which the clerk of the court reduced same to a written "Notice of Appeal", see Appendix "A", attached to this opinion. Also see Appendices "B" and "C", attached to this opinion.

Appellant's petition for discretionary review was granted in order to make the determination whether the document entitled "Notice of Appeal", that was prepared and filed by the clerk, could serve as a written notice of appeal. In holding that this may not serve as a written notice of appeal, the majority opinion engrafts onto the rule a requirement that is not found in the rule, i.e., that there must be an "independent" written notice of appeal filed by the defendant or his attorney, if he has one.

Counsel for appellant correctly points out in his petition that "the Rule does not state that 'appellant or his counsel shall generate a document entitled Notice of Appeal, affix signatures thereto, and file with the clerk of the trial court,' it merely says notice of appeal shall be given in writing filed with the clerk. A hypertechnical interpretation herein would dictate that 'with' the clerk of the trial court contemplates a party forward by United States Mail or hand-deliver *the document in question* for filing 'with' the clerk." (Pp. 2–3 of appellant's brief on petition for discretionary review.) (My emphasis.)

Judge Clinton, in his concurring and dissenting opinion, quotes from *Lawrence v. State,* 14 Tex. 432 (1855). Sad to say, he has left out the best part of the quote, namely, "No prescribed formulary is necessary to constitute the taking of an appeal ..." I ask Judge Mc Cormick and those who join his opinion: Where in the rule is it prohibited that the required written notice

of appeal cannot be like the written "NOTICE OF APPEAL" that the clerk filed?

Rule 83 of the Rules of Appellate Procedure expressly provides that "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance ..." Today, the majority opinion of this Court runs counter to that benevolent rule of law.

Until this Court got into the business of enacting rules of appellate procedure, the Legislature of this State was constantly on the alert to change the rules that governed an appeal of a criminal case in order to make the appeal of a criminal case as easy as possible. The Legislature strived to make sure that a defendant would never be blind-sided or ambushed by some technical interpretation by this Court. For example of prehistoric times, read *Ex parte Moore,* 109 Tex.Cr.R. 73, 3 S.W.2d 86 (1928) (Held, even though this Court was the only court in this State at that time that decided criminal appeals from district courts of this State, the defendant's giving notice of appeal to the "Court of Civil Appeals of Texas sitting in Austin", which court did not technically exist, was deemed to be insufficient to vest jurisdiction in this Court over the appeal.)

In fact, until this Court got into the appellate rule making business, as those of us who appealed criminal cases in the 1960's can attest, getting a case before this Court for review purposes was actually a piece of cake. Today, however, appealing a case to a court of appeals closely resembles one walking through an area that has many, many landmines all over the place, just waiting for the unwary to be, figuratively, blown to smithereens.

Today, I believe that this Court gives meaning to what was written about it over 75 years ago in 2 *Journ.Am.Inst.Crim.L. and Criminol.* 179–180, "The Texas Court of Criminal Appeals enjoys the distinction, we believe, of being one of the foremost worshippers among American appellate courts of the technicality." The members of this Court should, instead, strive to hear that this Court is "unquestionably the

ablest criminal court in the United States." 1 Wharton, *Criminal Evidence* (10th ed. 1912) 491, note; quoted in Potts, *Cases on Criminal Procedure* (2d ed. 1925).

In this instance, it is clear to me that appellant's counsel relied upon the written "Notice of Appeal" that was filed by the clerk of the court to perfect the giving of notice of appeal, which Hon. William J. Delmore, III, the State's representative in this cause, acknowledges is a form "which is commonly used in Harris County courts to record certain facts pertinent to an appeal from a judgment of conviction."

Contrary to Delmore, I do not find anywhere in the rule that prohibits "that form not to constitute sufficient compliance with Rule 40(b)(1) ..."[2]

I find that appellant's counsel failed to carefully read the statement that I made in the concurring opinion that I filed in *Panelli*, supra at 658, which opinion was handed down several months before what occurred in the trial court took place: "View future Rule 41(c) with caution because it is not very carefully worded, which is under-

standable because that rule, like all of the other appellate rules, was never subjected to public scrutiny." Perhaps in the future some defendant will be brave enough to test the statement that I also made in that opinion, that "The first sentence of Rule 41(c), read literally, provides that a defendant who appears for arraignment and then and there gives ... written notice of appeal, and is subsequently convicted, will have timely and properly given notice of appeal." (658). However, after today, I do not recommend that any defendant be that brave.

To the return by this Court to the common law days when technicalities such as here governed the law, in order to deprive the indigent appellant of his appeal, I respectfully dissent.

I must state, however, that I am confident that this is not the last we will see of appellant, because, given what happened, I am confident that someday he will receive, either from this Court or a Federal Court, the appeal he so desires to have in this cause.

---

**2.** Given the reason why this Court granted appellant's Petition for Discretionary Review, the majority opinion should, but does not, address Delmore's statement, "In the instant case, it may also be noted that the form bears no file mark, *so it is questionable whether it was formally 'filed' at all.*" (Page 6, State's Brief in Response to Appellant's Petition for Discretionary Review.) Although I do not find anything in Rule 40(b)(1) that prohibits *anyone* from filing the written notice of appeal on behalf of the defend-

ant, the rule does expressly require that "Notice of appeal shall be given in writing filed with the clerk of the trial court." Thus, if the clerk's document, entitled "NOTICE OF APPEAL", was not in fact filed, it could not be considered by this Court. Given the fact that the majority opinion does not address Delmore's statement, I therefore must assume that Judge McCormick, the author thereof, has concluded from the record that it was properly and timely filed by the clerk.

C8052   Rev. 7-82

NO. _____432115_____

| THE STATE OF TEXAS | § IN THE __263RD__ DISTRICT COURT |
| | § COUNTY CRIMINAL COURT AT LAW NO._____ |
| VS. | § OF HARRIS COUNTY, T E X A S |
| . JOHN LEE SHUTE_____ | § AT THE _____AUGUST_____TERM, A. D. 19 86 |

### NOTICE OF APPEAL

BE IT REMEMBERED that
On this the ___30th___ day of _____ September _____, A. D. 19 86 , the
Defendant _____John Lee Shute_____ appeared in open court
and orally gave notice of appeal in the above numbered and styled cause.

Thereafter, the court ordered that the appeal bond be set in the amount of $ 30,000.00 _____
_____ / the same bond to remain in effect.

Further it appears from the records of the above numbered and styled cause that the
attorney of record on appeal is _____Ken McLean_____ .

Signed under my hand and seal of office, this the ___8th___ day of _____October_____
_____, A. D. 19 86 .

RAY HARDY, District Clerk
Harris County, Texas

By _____
Deputy

PREPARE IN DUPLICATE
DISTRIBUTION:
Original and one copy
to appeal section.

**117**

3/E6

## PAUPER'S OATH ON APPEAL

CAUSE NO: _432115_  OFFENSE: _ATT CAP MURD_

THE STATE OF TEXAS  _263_ DISTRICT COURT

VS.  OF

_John Lee Shute_  HARRIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES _John Lee Shute_ , Defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel, on appeal.

Defendant further states under oath that defendant is without funds, property or income; that because of his poverty he is unable to pay for a transcript of the evidence which is necessary to be filed with the Court of Criminal Appeals of the State of Texas;

WHEREFORE, he prays that the Court appoint counsel to represent him on appeal and that the Court direct the Court Reporter to prepare a statement of facts, as provided by law, in question and answer form, for use on appeal.

_X Signature Waived_
DEFENDANT

SUBSCRIBED AND SWORN to before me, this _30_ day of _Sept_ , A.D., 19_86_.

**F I L E D**
RAY HARDY
D. Co Cl...
SEP 3 0 1986
Time: _3:30 P.M._
Harris County, Tex
By _____
Deputy

_____
DEPUTY DISTRICT CLERK
263 DISTRICT COURT
HARRIS COUNTY, TEXAS

## ORDER APPOINTING COUNSEL ON APPEAL

On this the _30_ day of _Sept_ , A.D., 19_86_, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause, on appeal.

_KEN MCLEAN_
ATTORNEY
_2190 N Loop West_
ADDRESS
_HOUSTON_  _77018_
CITY  STATE  ZIP
_680-9922_
PHONE
_13747700_
Bar Number

## ORDER TO PREPARE STATEMENT OF FACTS ON APPEAL

This the _30_ day of _Sept_ , A.D., 19_86_, after hearing testimony on the above affidavit and it appearing that the defendant is entitled to the relief prayed for, it is ORDERED that the Court Reporter of this Court prepare a statement of facts in question and answer form of the testimony in said cause. It is further ORDERED that the clerk of this Court mail a copy of this Order to the Court Reporter: _____.

_Charles Hearn_
JUDGE PRESIDING
263 DISTRICT COURT
HARRIS COUNTY, TEXAS

_3/68_

NO. 432115

THE STATE OF TEXAS VS.

OFFENSE:

ATTEMPTED CAPITAL MURDER

POLICE OFFICER

ATTORNEY FOR STATE:

SCIRE FACIAS INFORMATION:

S. F. NO.

SETTINGS:

C3303 D 16.1

JOHN LEE SHUTE

ATTORNEYS FOR DEFENDANT:

AMOUNT OF BOND          30, 000

BONDSMAN

OTHER INFORMATION:

BOND SET AT:    $30,000

CAPIAS ISSUED          (DIRECT)

FILED   9-3-85                    179th

GENERAL ORDER OF COURT    **FELONY JUDGMENT**

SEP 03 1985

SEP 23 1985

THE DEFENDANT,
IN PERSON WITH COURT.                    APPEARED

OCT 1 8 1985

IN PERSON WITH COUNSEL                    APPEARED

DEC - 6 1985

THE DEFENDANT,                    APPEARED
IN PERSON WITH COUNSEL

RESET TO  12-18-85  FOR  PIT

JAN  6 1986

THE DEFENDANT,                    APPEARED
IN PERSON WITH COUNSEL

FEB  6 1986

THE DEFENDANT,    APPEARED
IN PERSON WITH COUNSEL

GENERAL ORDERS OF THE COURT

MAR 17 1986

THE DEFENDANT, ~~Abbott~~ APPEARED

IN PERSON WITH COUNSEL ~~Ken McClean~~

State announced ready for trial.

~~No First Quan~~

APR 2 2 1986

THE DEFENDANT, ~~State~~ APPEARED

IN PERSON WITH COUNSEL

APR 2 5 1986

State announced ready for trial.

THE DEFENDANT, ~~In Custody~~ APPEARED

IN PERSON WITH COUNSEL ~~Ken McClean~~

R/2 E D X O of Trial

MAY 2 2 1986

THE DEFENDANT, ~~State~~ APPEARED

IN PERSON WITH COUNSEL ~~Ken McClean~~

MAY 2 2 1986

The Defendant, ~~State~~ Appeared

In Person With Counsel ~~Ken McClean~~

~~Sharon Utley~~ Appeared For The State.

Court Reporter: ~~Walter Johnson~~

Judge Presiding: ~~Charles J. Hearn~~

Both parties announced ready for trial. Jury was counsel by the defendant in person in writing. Jury was waived. Announced ready. Indictment was presented, to which the defendant entered...

NO. 43,2115 ___ _John Eye Shute_

THE STATE OF TEXAS VS.

OFFENSE:

ATTORNEY FOR STATE:     ATTORNEYS FOR DEFENDANT:

SCIRE FACIAS INFORMATION:     AMOUNT OF BOND

S. F. NO.     BONDSMAN

SETTINGS:     OTHER INFORMATION:

C3308 D Pg.1

FILED _____ 763

GENERAL ORDER OF COURT

a plea of "Not Guilty" stipulation of evidence filed, testimony began at 11:30 A.M.
Both sides closed v closed. The court
having heard evidence presented found
the State presented enough evidence to find
the defendant guilty, however the court
finding the defendant guilty v recessed to
July 23, 1986 for a pre-sentence investigation.

SEP 1 1986

THE DEFENDANT, _Shute_ CONVICTED
IN PERSON WITH COUNSEL _Ken Hagan_   9-30-86 cont

SEP 3 0 1996

The Defendant, _Shute_ Appeared

In Person With Counsel _Ken McLean_

_Ken McLean_ Appeared For The State.

Court Reporter: _Sharon Cook_

Judge Presiding: _Charles McCain_

On the PSI the Court found defendant guilty of
the charge and the Court sentenced
the defendant to 35 years TDC, & appeal.
Defendant gave notice of appeal. Bond was set at $30,000

GENERAL ORDERS OF THE COURT. White, notice of appeal to follow with permission of the Court.

Court Martial Appeal; to be received.

THE DEFENDANT FILED A PAUPERS OATH.
THIS C... ...
AS ... ...Alan McLean

C3308 D Pg.2

155

*Ken J. McLean*

ATTORNEY AT LAW
1900 NORTH LOOP WEST
SUITE 500
HOUSTON, TEXAS 77018

713/680-9922

October 1, 1986

Ms. Sharon Trigg
Manager, Post Trial Systems
Criminal Courts Bldg.
P. O. Box 4651
Houston, Texas   77002

Ms. Sharon Cook
Official Court Reporter
263rd Judicial District Court
Criminal Courts Building
301 San Jacinto Street
Houston, Texas 77002

Mr. Walter Johnson
Official Court Reporter
184th Judicial District Court
Criminal Courts Building
301 San Jacinto Street
Houston, Texas 77002

Re:   John Lee Shute vs. The State of Texas
      Case No. 432115

Dear Ms. Trigg:

Please be advised that on September 30, 1986 I was appointed
by the Honorable Charles Hearn to represent the above named
appellant on appeal.   Pursuant to Rule 51, Texas Rules of
Appellate Procedure, please prepare as part of the record on the
appeal of this case true and correct copies of the following
matters:

   1.   All pleadings filed by the defendant and by the State of
        Texas, and all rulings of the Court thereon;

   2.   All docket entries made by the Court;

   3.   The testimony of all witnesses during all pre-trial
        hearings, the hearing on guilt-innocence and the hearing
        on punishment;

156

Ms. Sharon Trigg
Ms. Sharon Cook
Mr. Walter Johnson
Page 2

4.  All hearings held outside the presence of the jury;

5.  All communications between the Trial Court and the Jury.

6.  All communication between the Trial Court and the defendant, counsel for the defendant, and counsel for the State;

7.  All communications between the Trial Court and the jury during the hearings on guilt-innocence and punishment;

8.  All objections, whether oral or in writing, made by the defendant to the court's charge submitted to the jury during the hearings on guilt-innocence and punishment, and all rulings thereon;

9.  All requested instructions, whether oral or written, made by the defendant to the Court's charge submitted to the jury during the hearings on guilt-innocence and punishment, and all rulings of the Court made thereon;

10. All jury arguments of counsel for the State and counsel for the defendant during the hearings on guilt-innocence and punishment;

11. The respective verdicts of the jury during the hearings on guilt-innocence and punishment;

12. All notes sent by the jury to the Court, the Court's response thereto and all objections and requested instructions made by the defendant on each such jury note and response of the Court thereto;

13. The judgment and sentence of the Court;

14. The Defendant's Motion for New Trial;

15. The Defendant's Amended Motion for New Trial;

16. A transcription of all testimony and evidence introduced at the hearing on the defendant's Motion and Amended Mo-

Ms. Sharon Trigg
Ms. Sharon Cook
Mr. Walter Johnson
Page 3

tion for New Trial and the Order of the Court with respect thereto;

17. The Defendant's Notice of Appeal;

18. All Bills of Exception, rulings of the Court thereon and a transcription of all proceedings held pursuant to said Bills of Exception;

19. The original of all two-dimensional exhibits introduced into evidence before the jury; photocopies of all three-dimensional exhibits introduced into evidence before the jury;

20. The original of all two dimensional exhibits introduced into evidence before the Court, photocopies of all three-dimensional exhibits introduced into evidence before the Court;

21. A true and correct copy of the jury list, reflecting the respective strikes of the State and the defendant;

22. All written Motions, Pleas and Orders of the Court;

23. The Appeal bond;

24. A transcription of the voir dire examination of the Jury Panel;

25. A transcription of the entire Statement of Facts, including the testimony of all witnesses who testified before the Court and/or the jury, and the opening statements, if any made by the counsel for the State and counsel for the defendant;

26. The Designation of Record on Appeal;

27. The request by the Defendant of a Statement of Facts in this cause;

Ms. Sharon Trigg
Ms. Sharon Cook
Mr. Walter Johnson
Page 4

28.    The respective orders of the Court of Appeals on all
       requests for extensions of time in which to file the
       Statement of Facts and/or Appellant's Brief; and,

29.    The Defendant's motion to correct the record in this
       cause, all testimony adduced· at the hearing on said mo-
       tion, and the Order of the Court; Notice of Completion
       of the Record.

                                   Very truly yours,

                                   Ken J. McLean

KJM/aw

*ps — can I get some verification of filing?*