**Hoang VAN NGUYEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–01401–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 15, 1992.

Discretionary Review Refused
Jan. 13, 1993.

Morgan Johnson, Will Gray, Houston, for appellant.

John B. Holmes, Dist. Atty., Andrea F. Lopes, Asst. Dist. Atty., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a conviction for burglary of a motor vehicle with intent to commit theft. The trial court found appellant, Hoang Van Nguyen, guilty and assessed punishment at six-years confinement. In his sole point of error, appellant challenges the sufficiency of the evidence. We affirm.

Background

Officer Christopher Mallick, testified that on May 7, 1991, he was assigned to patrol apartment complexes in Southeast Houston for stolen vehicles. Mallick testified that while on patrol, he noticed a vehicle parked in an area not designated for parking at an apartment complex located at 8282 Park Place. Mallick ran a routine computer check that indicated that the vehicle had been reported stolen. Mallick testified he inspected the vehicle and that the dashboard was damaged, the radio was missing, and the ignition was broken in a way that is consistent with stolen vehicles. As part of his investigation, Mallick "dusted" the vehicle for fingerprints that resulted in four cards of prints from the driver and passenger side windows and the rear view mirror located at the center of the windshield in the interior of the vehicle. Relevant to this appeal, Mallick found a right thumb print, which was lifted from the lower left corner of the rear view mirror. Mallick testified he then "had the vehicle towed to the police department storage lot, completed his report, and tagged the fingerprints in the lockbox at the station." Mallick testified that sometime in September or October, the Houston Police Department Identification Bureau notified him that the fingerprints had been matched to those of appellant. An arrest warrant was later issued for appellant's arrest.

Written notice of appeal

The State urges the dismissal of this appeal, contending that absent appellant's signature on the written notice of appeal, appellant has not complied with TEX. R.APP.P. 40(b)(1). We disagree.

Rule 40(b)(1) requires a defendant in a criminal case to file a written notice of appeal with the clerk of the trial court in order to perfect appeal. The rule further provides that the notice shall be sufficient if it shows the desire of the defendant to appeal.

In support of its argument, the state cites *Muller v. State,* 829 S.W.2d 805 (Tex. Crim.App.1992). In *Muller,* the Texas

**834**

Court of Criminal Appeals held that TEX. CODE CRIM.P.ANN. art. 44.01 (Vernon Supp. 1992), specifically requires the prosecuting attorney to either personally sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal. *Id.* at 810–11. That opinion, however, is specifically limited to article 44.01, which only governs the State's narrow appellate rights. *Id.* at 811 n. 7.

Also, the State relies on *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988). In *Shute*, the Texas Court of Criminal Appeals held that judgment recitals, docket sheet entries, and district clerk forms do not constitute "independent written notice of appeal" as required by rule 40(b)(1). Thus, the State asserts that this Court is empowered to dismiss the appeal because of the procedural error under the holding in *Shute*.

Rule 40(b)(1) does not require that the notice of appeal be signed, only that it be in writing. *Mullins v. State*, 767 S.W.2d 166, 168 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Jones v. State*, 752 S.W.2d 150, 152 (Tex.App.—Dallas 1988, no pet.) (unsigned notice of appeal, timely filed, was sufficient to invoke jurisdiction).

The notice of appeal filed on December 6, 1991, is sufficient to invoke this Court's jurisdiction. Therefore, the State's request to dismiss for want of jurisdiction is overruled.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. The judgment is affirmed.