IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-157-CR




ALEXANDER GARCIA GONZALES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL

DISTRICT


NO. CR91-0257-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 





PER CURIAM

 Alexander Garcia Gonzales seeks to appeal from a judgment of conviction for
delivery of less than 28 grams of methamphetamine, a controlled substance. Tex. Health & Safety
Code Ann. § 481.112 (West 1992). The punishment, assessed by the court in conformity to a plea
bargain agreement, is imprisonment for fifty years. 

 Sentence was imposed in this cause on September 11, 1991. Appellant had thirty
days from that date to file a motion for new trial or a notice of appeal. Tex. R. App. P. 31(a),
41(b)(1). Appellant did neither and the judgment of conviction became final. In January 1992,
appellant filed a pro se application for post-conviction writ of habeas corpus. Tex. Code Crim.
Proc. Ann. art. 11.07 (West 1977 & Supp. 1992). At the same time, appellant filed a pro se
motion for recusal of all judges in Tom Green County in which he requested that a judge from
outside that county be assigned to act on his writ application. At the request of the presiding
judge of the administrative judicial region, the Honorable Larry Fuller was assigned to hear the
recusal motion.

 The hearing before Judge Fuller was held on February 11, 1992. At the conclusion
of the hearing, the judge overruled the motion for recusal. On the same day, appellant, now
acting through an appointed attorney, filed and the district court granted a motion to dismiss his
habeas corpus application. On March 11, 1992, appellant filed a notice of appeal "from the
judgment and sentence rendered in the above cause on February 11, 1992."

 In his brief to this court, appellant states that the district court granted appellant an
out-of-time appeal on February 11. There is no such order in the record before us. Moreover,
the district court had no jurisdiction to grant an out-of-time appeal. Because appellant's felony
conviction was final and he was in custody, he could obtain an out-of-time appeal only by means
of a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals pursuant
to art. 11.07. Although appellant filed a writ application pursuant to art. 11.07, the relief he
requested did not include an out-of-time appeal and, in any event, the writ application was
dismissed on appellant's motion.

 The time for giving notice of appeal in this cause expired months before the notice
was filed. In the absence of a timely notice of appeal, this Court is without jurisdiction. Shute
v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988).

 The appeal is dismissed.


[Before Justices Powers, Aboussie and B. A. Smith]

Dismissed

Filed: October 7, 1992

[Do Not Publish]