IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-201-CR




GEORGE CAMPOS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY 



NO. 37,621, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING


 





PER CURIAM

 George Campos seeks to appeal from a judgment of conviction for assault. The
punishment is incarceration for one year and a $250 fine, probated.

 The deadline for filing notice of appeal in this cause was April 7, 1993. Tex. R.
App. P. 41(b)(1). On April 21, Campos timely filed a motion for extension of time for filing
notice of appeal. Tex. R. App. P. 41(b)(2). In a subsequent amended motion requested by this
Court, counsel for Campos stated that written notice of appeal was filed with the clerk of the trial
court on April 21. This Court granted the amended motion for extension of time to file notice of
appeal.

 This Court has now received the transcript in this cause. The transcript reflects
that notice of appeal was not filed with the county clerk on April 21 as stated by counsel in the
amended motion for extension of time, but instead was filed with the county clerk on June 11,
1993. This is long after the time prescribed by rule 41(b)(2). The notice of appeal states that it
"is filed within the time allowed by the Appeals Court of the State of Texas, Third Supreme
Judicial District under Cause Number 3-93-201-CR." This statement is not correct. This Court
granted the amended motion for extension of time to file notice of appeal on the basis of the facts
stated in the motion, among them that the notice of appeal had been filed on April 21. This Court
did not extend the time for filing the notice of appeal beyond that date.

 Without a timely filed notice of appeal, this Court is without jurisdiction. Shute
v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988). The appeal is dismissed. 



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Dismissed

Filed: June 23, 1993

[Do Not Publish]