TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00471-CR

Isaac McNeese, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 0960312, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

PER CURIAM

 After accepting appellant's guilty plea and judicial confession, the district court
found appellant guilty of forgery. Tex. Penal Code Ann. § 32.21 (West 1994). Pursuant to a plea
bargain agreement, the court assessed punishment, enhanced by a previous felony conviction, at
confinement in a state jail for two years, suspended imposition of sentence, and placed appellant
on community supervision for four years.

 Sentence was imposed in this cause on February 12, 1996. No motion for new trial
was filed. Notice of appeal was filed on March 18, 1996, five days after it was due. Tex. R.
App. P. 41(b)(1). No extension of time for filing notice of appeal was requested. Tex. R. App.
P. 41(b)(2). There is nothing in the record to indicate that notice of appeal was properly mailed
to the district clerk within the time prescribed by rule 41(b)(1). Tex. R. App. P. 4(b). Without
a timely filed notice of appeal, this Court is without jurisdiction. Rodarte v. State, 860 S.W.2d
108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988). Under the
circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other than
by dismissing it for want of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App.
1996).

 The appeal is dismissed.

Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 28, 1996

Do Not Publish