Nos. 04-98-00548-CR, 04-98-00549-CR and 04-98-00550-CR



Basilio GARCIA,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court Nos. 96-CR-3201, 96-CR-3202 and 96-CR-3906-A


Honorable John F. Dominguez, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: August 26, 1998


DISMISSED FOR LACK OF JURISDICTION


 Appellant was sentenced in each of these causes on March 2, 1998. If we construe
appellant's motion for reduction of sentence as a motion for new trial, appellant's notice of appeal
was due to be filed no later than June 1, 1998. See Tex. R. App. P. 26.2. If we construe appellant's
motion to permit late filing of notice of appeal as both a motion for extension of time and a defective
notice of appeal, the appellant's motion was not filed until June 18, 1998, which was outside the 15
days allowed by the appellate rules. See Tex. R. App. P. 26.3.

 On July 16, 1998, we ordered appellant to show cause why these appeals should not be
dismissed for lack of jurisdiction. Appellant has not responded to this court's order. Appellant's
trial counsel responded by stating that he was only retained at the trial level, but he was not retained
for purposes of appeal.

 This court lacks jurisdiction over an appeal of a criminal conviction in the absence of a
timely, written notice of appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); see also Ater v. Eighth Court of Appeals,
802 S.W.2d 241 (Tex. Crim. App. 1991)(out-of-time appeal from final felony conviction may be
sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal
Procedure). These appeals are dismissed for want of jurisdiction.

 PER CURIAM

DO NOT PUBLISH



Return to
4th Court of Appeals Opinions