NO. 07-02-0070-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 10, 2002



______________________________




CANDACE SUE BARKER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;



NO. 2992; HONORABLE DAVID M. MCCOY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to a plea of not guilty, appellant Candace Sue Barker was convicted of
possession of a controlled substance, enhanced, and punishment was imposed at 16
years confinement on December 11, 2001. No motion for new trial was filed and
appellant's written notice of appeal was filed on January 25, 2002.

 In a criminal case the time in which to file a written notice of appeal may be
enlarged if, within 15 days after the deadline for doing so, the party files the notice of
appeal in the trial court and a motion complying with Rule 10.5(b) of the Texas Rules of
Appellate Procedure in the appellate court. Tex. R. App. P. 26.3. Appellant filed her
notice of appeal on the last day of the 15-day extension period; however, it was not
accompanied by a motion for extension of time. 

 When a notice of appeal, but no motion for extension, is filed within the 15-day
window, this Court does not have jurisdiction to dispose of the purported appeal in any
manner other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d 519,
523 (Tex.Cr.App. 1996). Additionally, we do not have jurisdiction to invoke Rule 2 in an
effort to obtain jurisdiction of the case. Thus, we cannot create jurisdiction where none
exists. Id; see also Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).

 Moreover, by letter dated April 24, 2002, this Court notified appellant of the untimely
notice and requested that she show grounds for continuing the appeal. Appellant filed
grounds for continuing the appeal explaining that oral notice of her intent to appeal was
given on December 11, 2001, and that her written notice was filed within 30 days after
judgment was entered on December 28, 2001. The Texas Rules of Appellate Procedure
require a written notice of appeal. Tex. R. App. P. 25.2(b)(1). Thus, an oral notice of
appeal is insufficient to confer jurisdiction on this Court. See Shute v. State, 744 S.W.2d
96, 97 (Tex.Cr.App. 1988). Also, the timetable in which to file a notice of appeal from a
criminal conviction commences on the date sentence was imposed, not the date the
judgment was filed. Tex. R. App. P. 26.2(a)(1). 

 Accordingly, we dismiss the purported appeal for want of jurisdiction. However,
should appellant desire, she may file a post-conviction writ of habeas corpus returnable
to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. See
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).


 Don H. Reavis

 Justice



Do not publish.



e">Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The matter is dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2. 


 Phil Johnson

 Justice



Do not publish.