No. 04-02-00240-CR


Jeremy J. BROWNFIELD,

Appellant


v.


The STATE of Texas,

Appellee


From the 144th Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CR-4721

Honorable Mark R. Luitjen, Judge Presiding



PER CURIAM

 

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice



Delivered and Filed: June 26, 2002


DISMISSED FOR LACK OF JURISDICTION


 Neither a clerk's record nor a reporter's record has been filed in this appeal. Sentence was
imposed on February 7, 2002. A notice of appeal was due by March 11, 2002, and a motion for
extension of time to file a notice of appeal was due on March 26, 2002. See Tex. R. App. P. 26.2(a),
26.3. On April 1, 2002, appellant filed a Motion for Leave to File Late Notice of Appeal. This
motion was post-marked March 18, 2002. Appellant did not file a notice of appeal with his motion
for leave. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In his motion, appellant
stated he has been unable to contact his appointed attorney. This court's records indicated that
appellant was not represented by counsel on appeal; therefore, on April 12, 2002, we abated the
appeal and remanded the cause to the trial court for it to make appropriate findings and rule on
whether appellant is now indigent and should have appointed counsel to represent him on appeal.
On May 11, 2002, the trial court filed its findings of fact. The court determined that appellant
desires to prosecute his appeal and he is indigent. The court appointed Terry McDonald as counsel
on appeal. 

 On May 17, 2002, we ordered appellant to show cause why his appeal should not be
dismissed for lack of jurisdiction. Appellant responded that he did not timely file his motion for an
extension of time to file his notice of appeal because he was not represented by counsel at the time
the motion was due. This court lacks jurisdiction over an appeal of a criminal conviction in the
absence of a timely, written notice of appeal. Olivo, 918 S.W.2d at 522; Shute v. State, 744 S.W.2d
96, 97 (Tex. Crim. App. 1988); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.
Crim. App. 1991) (out-of-time appeal from felony conviction may be sought by filing a writ of
habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07). This appeal is therefore
dismissed for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH