MEMORANDUM OPINION


No. 04-03-00070-CR


Antonio CAUDILLO,

Appellant


v.


The STATE of Texas,

Appellee


From the 226th Judicial District Court, Bexar County, Texas

Trial Court No. 2002-CR-2699

Honorable Sid L. Harle, Judge Presiding


PER CURIAM

 

Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice



Delivered and Filed: April 9, 2003


DISMISSED FOR LACK OF JURISDICTION


 The trial court imposed sentence on December 2, 2002. Because appellant did not file a
motion for new trial, the notice of appeal was due to be filed on January 2, 2003. Tex. R. App. P.
26.2(a)(1). A motion for extension of time to file the notice of appeal was due on January 16, 2003.
Tex. R. App. P. 26.3. Appellant filed a motion for extension of time to file a notice of appeal on
January 21, 2003; however, the envelope bears a post-mark date of January 17, 2003. Appellant
filed his notice of appeal on January 29, 2003 in this court; however, the envelope bears a post-mark
date of January 6, 2003. Texas Rule of Appellate Procedure 25 requires that the notice of appeal
be filed with the trial court clerk. See Tex. R. App. P. 25.2(c)(1)

 On March 12, 2003, we ordered appellant to show cause why his appeal should not be
dismissed for lack of jurisdiction. Appellant's counsel filed a response, asserting a copy of
appellant's motion for new trial could be found on page 55 of the trial court record. Page 55 of the
record is a copy of appellant's pro se Notice of Appeal. The record does not contain a copy of
appellant's motion for new trial; therefore, his appeal is untimely. This court lacks jurisdiction over
an appeal of a criminal conviction in the absence of a timely, written notice of appeal. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim.
App. 1988); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)
(out-of-time appeal from felony conviction may be sought by filing a writ of habeas corpus pursuant
to Texas Code of Criminal Procedure article 11.07). This appeal is therefore dismissed for lack of
jurisdiction.

 PER CURIAM

DO NOT PUBLISH