# NO. 12-09-00190-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *R.B. ETHRIDGE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE THIRD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

---

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant was convicted of forgery. Sentence was imposed on March 19, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). To be timely, a motion for new trial in a criminal case must be filed not later than thirty days after the date sentence is imposed or suspended in open court. TEX. R. APP. P. 21.4(a). Appellant filed a motion for new trial on April 21, 2009. Because the motion for new trial was filed thirty–three days after the date sentence was imposed in open court, the motion is untimely. *See id.* Therefore, Appellant's notice of appeal was due to have been filed on or before April 20, 2009.[1] However, Appellant did not file his notice of appeal until June 22, 2009 and did not file a motion for extension of time to file his notice of appeal as permitted

---

[1] Thirty days from March 19, 2009 was Saturday, April 18, 2009. Consequently, Appellant's notice of appeal was due the following Monday, April 20, 2009. *See* TEX. R. APP. P. 4.1(a).

by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On June 23, 2009, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before July 8, 2009, the information filed in this appeal was amended to show the jurisdiction of this court.

On July 7, 2009, Appellant responded to this court's notice. He first alleges that he gave oral notice of appeal immediately after he was sentenced. However, rule 26.2 embodies the requirement of written notice of appeal. ***Shute v. State***, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) (construing predecessor rule of appellate procedure); *see also* TEX. R. APP. P. 26.2 (stating that "notice of appeal must be filed"). Therefore, an oral notice of appeal does not invoke this court's jurisdiction. *See* ***Shute***, 744 S.W.2d at 97. He asserts further that his motion for new trial was timely. We disagree. However, if Appellant's motion for new trial had been timely, his notice of appeal would have been due not later than June 17, 2009. Because the notice of appeal was not filed until June 22, 2009, it still would have been untimely.

Appellant has not shown the jurisdiction of this court. Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed. *See* ***Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2