



## MEMORANDUM OPINION

No. 04-11-00549-CR

Jerry Soliz **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR1459
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  September 21, 2011

DISMISSED FOR WANT OF JURISDICTION

Appellant Jerry Soliz Martinez was sentenced on June 22, 2011. Because he did not file a motion for new trial, appellant's notice of appeal was due to be filed no later than July 22, 2011. *See* TEX. R. APP. P. 26.2(a). Our records show (1) the notice of appeal was not filed until July 29, 2011, and (2) no motion for extension of time was filed. *See* TEX. R. APP. P. 26.3.

On August 17, 2011, we ordered appellant to show cause in writing by September 1, 2011, why his appeal should not be dismissed for want of jurisdiction.[1]  To date, this court has not received any response to the order.

This court lacks jurisdiction over an appeal of a criminal conviction in the absence of a timely, written notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("When a notice of appeal is filed within the fifteen-day period [after the notice of appeal was due to be filed] but no timely motion for extension of time is filed, the appellate court lacks jurisdiction."); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).  Accordingly, this appeal is dismissed for want of jurisdiction.


PER CURIAM


DO NOT PUBLISH

---

[1] The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."  We must dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record."  *See* TEX. R. APP. P. 25.2(d).  Appellant's counsel notified this court in writing that counsel has reviewed the record and "can find no right of appeal for Appellant."