

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-14-00148-CR & 04-14-00149-CR

Charles Ray **PRINGLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2013CR7950 & 2013CR7951
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  May 21, 2014

DISMISSED FOR WANT OF JURISDICTION

On February 27, 2014, Appellant Charles Pringler was convicted of the offense of possession of a controlled substance in cause number 2013-CR-7950 and escape from a correctional facility in cause number 2013-CR-7951. The jury assessed punishment, respectively, at five years and nine years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellate counsel was appointed in both cases on February 28, 2014. The record does not contain a written notice of appeal. Although the record indicates that Pringler gave oral

notice of appeal in open court, Texas Rule of Appellate Procedure 25.2(c) requires the notice "be given in writing and filed with the trial court clerk." TEX. R. APP. PROC. 25.2(c).

On April 22, 2014, this court ordered Appellant to show cause as to why this appeal should not be dismissed for want of jurisdiction. On May 6, 2014, appellate counsel filed a response requesting this court construe the trial court's hand-written notation "Oral Notice of Appeal given in open court on record, by pro se Defendant" as written notice of appeal. The trial court's note was located on the trial court's docket statement dated February 27, 2014. Texas Rule of Appellate Procedure 25.2(c)(1) requires "Notice be given in writing and filed with the trial court." TEX. R. APP. P. 25.2(c)(1). We decline to construe the trial court's written comments regarding an oral request by a defendant as written notification. *Id.*

Absent a timely-filed, written notice of appeal of a criminal conviction, this court lacks jurisdiction over the appeal. *Olivo*, 918 S.W.2d at 522 ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction."); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH