

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00455-CR

Abraham **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR7645
Honorable Melisa Skinner, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  August 12, 2015

DISMISSED FOR WANT OF JURISDICTION

In a plea bargain case, on April 15, 2015, Appellant Abraham Sanchez was sentenced on two counts to sixteen-years' confinement in the Texas Department of Criminal Justice—Institutional Division in trial court cause number 2014CR7645. The trial court's certification states this "is a plea bargain case, and the defendant has NO right of appeal." Assuming arguendo that Appellant had a right to appeal, Appellant's notice of appeal was due not later than May 15, 2015. *See* TEX. R. APP. P. 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant's motion for extension of time to file a notice of appeal was due not later than June 1,

2015. *See* TEX. R. APP. P. 26.3; *Olivo*, 918 S.W.2d at 522. The clerk's record shows Appellant's notice of appeal was filed on July 20, 2015; it does not show a motion for new trial or a motion for extension of time to file a notice of appeal was filed. *See* TEX. R. APP. P. 26.3.

In his response to our July 24, 2015 order to show cause why this court has jurisdiction in this appeal, Appellant acknowledges he did not timely file a notice of appeal. Instead, he moves this court to grant an out-of-time appeal.

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo*, 918 S.W.2d at 522; *Quintero v. State*, No. 04-13-00073-CR, 2013 WL 618789, at *1 (Tex. App.—San Antonio Feb. 20, 2013, no pet.) (per curiam) (mem. op., not designated for publication). Appellant concedes his notice of appeal was not timely filed. *See* TEX. R. APP. P. 26.2. Even if we construe his motion for permission to file an out-of-time appeal as a motion for extension of time, it was not timely filed. *See* TEX. R. APP. P. 26.3; *Quintero*, 2013 WL 618789, at *1. Absent a timely-filed, written notice of appeal of a criminal conviction, this court lacks jurisdiction over the appeal. *Olivo*, 918 S.W.2d at 522; *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH