**Dismissed and Memorandum Opinion filed August 1, 2024**



In The

# Fourteenth Court of Appeals

---

**NO. 14-24-00451-CR**
**NO. 14-24-00452-CR**

---

**RICHARD  WADE  GATLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Cause No. 2023R-0123, 2023R-0124**

---

## MEMORANDUM  OPINION

Appellant was convicted of attempted assault of a family member and assault causing bodily injury against a family member and sentenced to 2 years' incarceration on the attempted assault charge and to 20 years' incarceration on the assault charge, both to run concurrently, on May 2, 2024. No timely motion for new trial was filed. Therefore, appellant's notices of appeal were due by June 3,

2024. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension of time to file notice of appeal). The fifteenth day after June 3, 2024, was June 18, 2024.

Appellant filed his written notices of appeal on June 20, 2024 a date that is not within 15 days of the due date. In his notices of appeal, appellant states that he gave an oral notice of appeal on May 2, 2024. The oral notice was not sufficient to perfect appellant's appeal. The Texas Rules of Appellate Procedure provide that "[n]otice must be given in writing and filed with the trial court clerk." Tex. R. App. P. 25.2(c)(1); *see Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) (oral notice of appeal not sufficient).

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On June 27, 2024, the parties were notified that the appeals would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction within 21 days. No response has been received.

Accordingly, the appeals are dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).