TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00605-CR

Steven Edward Myers, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-95-0470-S, HONORABLE DICK ALCALA, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of robbery. Tex. Penal Code Ann. § 29.02 (West 1994). 
The district court assessed punishment, enhanced by a previous felony conviction, at imprisonment for
twenty-seven years.

 Sentence was imposed on July 17, 1996. Appellant timely moved for a new trial. Notice
of appeal was filed on October 18, three days after it was due. Tex. R. App. P. 41(b)(1). There is nothing
in the record to indicate that notice of appeal was properly mailed to the district clerk within the time
prescribed by rule 41(b)(1). Tex. R. App. P. 4(b). No extension of time for filing notice of appeal was
requested. Tex. R. App. P. 41(b)(2).

 Appellant's attorney has filed a motion asking that this Court accept the untimely filed notice
of appeal. In the motion, counsel states that he miscalculated the time for perfecting appeal, and that the
failure to timely file notice of appeal was not attributable to any lack of diligence by appellant. We are
generally authorized to suspend the requirements of the appellate rules for good cause. Tex. R. App. P.
2(b). We may not, however, invoke rule 2(b) under the circumstances presented in this cause. Olivo v.
State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Appellant's motion to accept the untimely notice
of appeal is accordingly overruled. Appellant's motion for extension of time to file statement of facts is
dismissed.

 Without a timely filed notice of appeal, this Court is without jurisdiction. Rodarte v. State,
860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988). We
lack authority to dispose of the purported appeal in any manner other than by dismissing it for want of
jurisdiction. Olivo, 918 S.W.2d at 523. Appellant must await this Court's mandate of dismissal, after
which he may file a post-conviction application for writ of habeas corpus seeking an out-of-time appeal. 
Tex. Code Crim. Proc. Ann. art. 11.07, § 2 (West Supp. 1995).

 The appeal is dismissed.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: December 19, 1996

Do Not Publish