TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00457-CR

NO. 03-97-00458-CR

NO. 03-97-00459-CR

NO. 03-97-00460-CR

Richard Martinez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BEXAR COUNTY, 227TH JUDICIAL DISTRICT

NOS. 93-CR-5814-B, 94-CR-7578-A, 94-CR-7579-A & 94-CR-7580-A

HONORABLE MIKE M. MACHADO, JUDGE PRESIDING

PER CURIAM

In December 1993, after accepting appellant's guilty plea to aggravated robbery, the
district court deferred adjudication and placed appellant on community supervision. See Tex. Penal Code
Ann. § 29.03 (West 1994). On April 24, 1997, appellant pleaded true to the State's motion to revoke
supervision. The court adjudged him guilty and assessed punishment at imprisonment for ninety-nine years. 
On that same date, appellant pleaded guilty to two indictments accusing him of aggravated assault and a
third accusing him of murder. See Tex. Penal Code Ann. §§ 19.02, 22.02 (West 1994). The court
adjudged him guilty in each cause and assessed punishment at imprisonment for twenty years for the
aggravated assaults and at imprisonment for twenty-five years for the murder.

No motions for new trial were filed. Notices of appeal were mailed on July 3, 1997, and
filed on July 7, forty-one days after they were due. Tex. R. App. P. 41(b)(1). No extension of time for
filing the notices of appeal was requested. Tex. R. App. P. 41(b)(2). Without timely filed notices of
appeal, this Court is without jurisdiction. Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993);
Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988). Under the circumstances, we lack jurisdiction
to dispose of the purported appeals in any manner other than by dismissing them for want of jurisdiction. 
Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

The appeals are dismissed.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 14, 1997

Do Not Publish