11th
Court of Appeals

                                                                   Eastland,
Texas

                                                                         Opinion

 

Wesley Gene Johnston

Appellant

Vs.                   No.  11-01-00401-CR B Appeal from Palo Pinto County

State of Texas

Appellee

 

This is an appeal
from a judgment revoking community supervision.  Appellant was originally convicted, upon his plea of guilty, of
possession of methamphetamine.  The
trial court assessed his punishment at confinement for 7 years and a $1,000
fine.  Pursuant to a plea bargain
agreement, the imposition of the confinement portion of the sentence was
suspended, and appellant was placed on community supervision for 7 years.  After a hearing on the State=s motion to revoke, the trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, and imposed a sentence of confinement for 7
years.  We dismiss the appeal for want
of jurisdiction.

The clerk=s record reflects that the sentence was imposed in
open court on October 5, 2001, and that a motion for new trial was not
filed.  Appellant filed his notice of
appeal on November 9, 2001, 35 days after the date the sentence was imposed.  A motion for extension of time in which to
perfect an appeal has not been filed pursuant to TEX.R.APP.P. 26.3.  

Upon receipt of the
clerk=s record, this court advised the parties that it
appeared that the notice of appeal was late and that an appeal had not been
timely perfected.  TEX.R.APP.P.
26.2.  Appellant was directed to respond
within 10 days showing grounds for continuing his appeal.  There has been no response to our December
27, 2001, letter.








In order to have timely perfected an appeal,
appellant=s written
notice of appeal was due to be filed in the trial court on or before November
5, 2001.   TEX.R.APP.P. 25.2 & 26.2;
Rodarte v. State, 860 S.W.2d 108 (Tex.Cr.App.1993).  In order to extend the time for perfecting an appeal, a motion
for extension of time must be filed in compliance with Rule 26.3.  Olivo v. State, 918 S.W.2d 519
(Tex.Cr.App.1996); Rodarte v. State, supra.  
Absent a timely notice of appeal, this
court lacks jurisdiction to entertain an appeal.[1]  Slaton v. State, 981 S.W.2d 208
(Tex.Cr.App.1998); Olivo v. State, supra; Rodarte v. State, supra; Shute v.
State, 744 S.W.2d 96 (Tex.Cr.App.1988). 


The appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

January 17, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Appellant may be able to secure an out-of-time appeal
by filing a post-conviction writ pursuant to TEX. CODE CRIM. PRO. ANN. art.
11.07 (Vernon Supp. 2002).