NO. 07-02-0070-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 10, 2002

_____

CANDACE SUE BARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 2992; HONORABLE DAVID M. MCCOY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of not guilty, appellant Candace Sue Barker was convicted of possession of a controlled substance, enhanced, and punishment was imposed at 16 years confinement on December 11, 2001. No motion for new trial was filed and appellant's written notice of appeal was filed on January 25, 2002.

In a criminal case the time in which to file a written notice of appeal may be enlarged if, within 15 days after the deadline for doing so, the party files the notice of appeal in the trial court and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure in the appellate court. Tex. R. App. P. 26.3. Appellant filed her notice of appeal on the last day of the 15-day extension period; however, it was not accompanied by a motion for extension of time.

When a notice of appeal, but no motion for extension, is filed within the 15-day window, this Court does not have jurisdiction to dispose of the purported appeal in any manner other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Cr.App. 1996). Additionally, we do not have jurisdiction to invoke Rule 2 in an effort to obtain jurisdiction of the case. Thus, we cannot create jurisdiction where none exists. *Id; see also* Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).

Moreover, by letter dated April 24, 2002, this Court notified appellant of the untimely notice and requested that she show grounds for continuing the appeal. Appellant filed grounds for continuing the appeal explaining that oral notice of her intent to appeal was given on December 11, 2001, and that her written notice was filed within 30 days after judgment was entered on December 28, 2001. The Texas Rules of Appellate Procedure require a written notice of appeal. Tex. R. App. P. 25.2(b)(1). Thus, an oral notice of appeal is insufficient to confer jurisdiction on this Court. *See* Shute v. State, 744 S.W.2d 96, 97 (Tex.Cr.App. 1988). Also, the timetable in which to file a notice of appeal from a

2

criminal conviction commences on the date sentence was imposed, not the date the judgment was filed. Tex. R. App. P. 26.2(a)(1).

Accordingly, we dismiss the purported appeal for want of jurisdiction. However, should appellant desire, she may file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).

Don H. Reavis
Justice

Do not publish.