11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Joseph Daniel Lavender, Jr.

Appellant

Vs.                   No. 11-01-00388-CR B Appeal from Comanche
County

State of Texas

Appellee

 

The jury convicted appellant of robbery, found the
enhancement allegations to be true, and assessed his punishment at confinement
for 40 years.  The sentence was imposed
in open court on August 1, 2001.  A
motion for new trial was timely filed; therefore, the notice of appeal was due
to be filed within 90 days from the date of sentencing.  TEX.R.APP.P. 26.2(a).  Appellant filed a motion to extend time to
perfect an appeal on November 9, 2001. 
He filed his notice of appeal on November 15, 2001.

The State has filed in this court a motion to
dismiss the appeal.  Calculating from
the date the sentence was imposed, the State contends that this court does not
have jurisdiction because appellant filed his notice of appeal one day
late.  In his response, appellant calculates
from the date the judgment was signed and contends that he filed his notice of
appeal on the last day. 








Rule 26.2(a)(2) provides that the due date is
calculated from the date the sentence is imposed in open court.  Therefore, August 1, 2001, is the proper
beginning date to figure appellate deadlines. 
The notice of appeal was originally due to be filed on Tuesday, October
30, 2001, 90 days after the date of sentencing.  In order to extend the time for perfecting an appeal, both the
motion and the notice of appeal had to have been filed by Wednesday, November
14, 2001, 15 days after the original due date. 
TEX.R.APP.P. 26.3.  The record
reflects that, while the motion was timely, the notice of appeal was not.  Therefore, the State is correct in asserting
that an appeal has not been timely perfected and that this court lacks
jurisdiction to entertain the appeal. 
Slaton v. State, 981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, 918 S.W.2d
519 (Tex.Cr.App.1996); Rodarte v. State, 860 S.W.2d 108 (Tex.Cr.App.1993);
Shute v. State, 744 S.W.2d 96 (Tex.Cr.App.1988).

The State=s
motion is granted, and the appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

May 23, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.