11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Willie Lindley, Jr.

Appellant

Vs.                   No. 11-02-00202-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial court convicted appellant, upon his
plea of guilty, of indecency with a child. 
TEX. PENAL CODE ANN. ' 21.11 (Vernon Supp. 2002). 
Pursuant to the plea bargain agreement, the trial court assessed
appellant=s punishment at confinement for 5 years.    

The sentence was imposed in open court on
July 10, 2001.  On May 20, 2002, appellant
filed with the clerk of the trial court a pro se notice of appeal.  In this notice, appellant stated that he
wished to challenge the trial court=s rulings made prior to his guilty plea on his written motions.  TEX.R.APP.P. 25.2(b)(3).  While it complies with Rule 25.2(b)(3), the
notice  was filed 10 months after the
date the sentence was imposed and is not timely.  TEX.R.APP.P. 26.2.

Counsel for appellant has filed a motion to
continue the appeal, stating that appellant was not informed of his right to appeal
and did not understand the appellate timetables.  Absent a timely notice of appeal or the granting of a timely
motion for extension of time, this court does not have jurisdiction to
entertain this appeal.  Slaton v. State,
981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, 918 S.W.2d 519
(Tex.Cr.App.1996); Rodarte v. State, 860 S.W.2d 108 (Tex.Cr.App.1993); Shute v.
State, 744 S.W.2d 96 (Tex.Cr.App.1988). 
Appellant=s contentions may best be raised in a
post-conviction writ of habeas corpus. 
TEX. CODE CRIM. PRO. ANN. art. 11.07 (Vernon Supp. 2002). 

Appellant=s motion is overruled, and the appeal is dismissed for want of
jurisdiction.

 

PER CURIAM

September 5, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.