In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00197-CR


______________________________




ROBERT CHARLES FOSTER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 76-F-88




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Robert Charles Foster has filed a document designed to serve as a notice of appeal, and which
also asks this court to permit him to pursue an untimely appeal from his conviction. According to
the information provided by Foster, he was convicted by a jury of aggravated robbery and, on
January 21, 1977, was sentenced to forty-five years' imprisonment. Foster states that he had, in open
court, stated his intention to appeal, but that he was denied his right to perfect an appeal. He states
that even though he has since filed various habeas corpus proceedings, he has never been afforded
the opportunity to address claims of error in the underlying trial of the cause.

 His conviction predates the creation of the Rules of Appellate Procedure. In 1977, Tex.
Code Crim. Proc. Ann. art. 44.08(a) (1) governed the means by which a defendant could exercise his
right to appeal. As acknowledged by the court in Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App.
1988), under that statute, oral notice was sufficient to perfect the appeal. However, at the time of
his conviction, this court did not have criminal appellate jurisdiction; thus, we could not enforce our
jurisdiction over an attempted appeal dating from 1977, because at that time, we had no jurisdiction
over any criminal appeal. 

 Over twenty-five years have elapsed since Foster's conviction. We have no jurisdiction over
a criminal appeal filed before criminal jurisdiction was ceded to this court. Because of the nature
and age of this claim and the apparent lack of supporting documentation for this twenty-five-year-old
claim, we conclude that his remedy, if any, is through the Texas Court of Criminal Appeals. 

 If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate
court to act is as absent as if it did not exist. White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App.
2001). Further, where a court of appeals lacks jurisdiction over the appeal, it lacks the authority to
utilize other rules in an attempt to create jurisdiction where none exists. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996).

 Where we lack jurisdiction over an appeal, we have no authority to dispose of the purported
appeal in any manner other than by dismissing it for want of jurisdiction. Id.; see Rodarte v. State,
860 S.W.2d 108 (Tex. Crim. App. 1993). The motion to perfect untimely appeal is overruled.

 The appeal is dismissed for want of jurisdiction.




 Ben Z. Grant

 Justice


Date Submitted: October 21, 2002

Date Decided: October 22, 2002


Do Not Publish
1. Repealed by Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws
2472-73.