11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert Lee Morrison

Appellant

Vs.       Nos. 
11-03-00042-CR, 11-03-00043-CR, & 11-03-00044-CR B Appeals from Dallas County

State of Texas

Appellee

 

Appellant has filed in this court a motion
for an out-of-time appeal in each case. 
Appellant has attached to each motion his affidavit stating that neither
the trial court nor his trial counsel explained that he had 30 days to file his
notice of appeal.

In reviewing the clerk=s record in each case, we note that appellant
entered a plea of guilty and that punishment was assessed pursuant to a plea
bargain agreement.  The trial court
imposed the punishments in open court on October 10, 2002.  Motions for new trial were not filed, and
the notices of appeal were filed on December 19, 2002, 70 days after the date
of sentencing.  

The motions for extension of time in which to
perfect these appeals were filed on February 11, 2003.  Neither the notices of appeal nor the
motions for extension of time are timely pursuant to TEX.R.APP.P. 26.2 and
26.3.  Absent a timely notice of appeal, this court lacks jurisdiction to
entertain an appeal.  Slaton v. State,
981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, 918 S.W.2d 519
(Tex.Cr.App.1996); Rodarte v. State, 860 S.W.2d 108 (Tex.Cr.App.1993); Shute v.
State, 744 S.W.2d 96 (Tex.Cr.App.1988).

Therefore, the appeals are dismissed for want
of jurisdiction.

 

PER CURIAM

February 20, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J.,
and

Wright, J., and McCall, J.