11th
Court of Appeals

                                                                   Eastland,
Texas

                                                                         Opinion

 

Christopher Shaun Herron

Appellant

Vs.                   No. 11-03-00156-CR B Appeal from Dallas County

State of Texas

Appellee

 

This is an appeal
from a judgment revoking appellant=s
community supervision.  On November 22,
2002, the trial court sentenced appellant to confinement for five years for his
unauthorized use of a motor vehicle conviction.  A motion for new trial was timely filed; however, a notice of
appeal was not filed until March 17, 2003, 115 days after the date the sentence
was imposed.  We dismiss the appeal for
want of jurisdiction.

After reviewing the
clerk=s record, the clerk of this court notified the parties
in writing that it appeared that the notice of appeal was untimely and
requested that appellant show grounds for continuing the appeal.  Appellant has responded by filing a motion
to extend time to file notice of appeal. 
In the motion, counsel explains that appellant did not have the benefit
of counsel until after the original deadline for perfecting an appeal had
past.  Counsel also attaches a copy of a
pro se motion appellant filed in the trial court entitled AFirst Motion for Extension of Time in Which to File
Appellant=s Brief.@  Counsel argues that this motion shows
appellant=s desire to appeal and that, while there is no date or
file mark on the copy of the motion, the motion was sent to the trial court on
February 27, 2003.








Pursuant
to TEX.R.APP.P. 26.2(a)(2), appellant=s notice of appeal was due to be filed on or before February 20, 2003,
90 days after the date of sentencing. 
In order to extend the time for perfecting an appeal, appellant was
required to file a motion for extension of time in the appellate court and to
file the actual notice of appeal with the clerk of the trial court on or before
March 7, 2003.  TEX.R.APP.P. 26.3; Olivo
v. State, 918 S.W.2d 519 (Tex.Cr.App.1996); Rodarte
v. State, 860 S.W.2d 108 (Tex.Cr.App.1993).  Appellant filed his notice of
appeal on March 17, 2003, 115 days after the date the sentence was imposed, and
his motion for extension of time on May 23, 2003,  153 days after the date the sentence was imposed.  The record also reflects that appellate
counsel was appointed on March 17, 2003, the same day the notice of appeal was
filed.  

Absent a timely
notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to
entertain an appeal.  Slaton v. State,
981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, supra; Rodarte v. State,
supra; Shute v. State, 744 S.W.2d 96 (Tex.Cr.App.1988). 
Appellant may be able to secure an out-of-time appeal by filing a
postconviction writ pursuant to TEX. CODE CRIM. PRO. ANN. art. 11.07 (Vernon
Supp. 2003).

The motion
is overruled, and the appeal is dismissed for want of jurisdiction.

 

PER
CURIAM

 

May 29, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.