11th Court of Appeals
Eastland, Texas
Opinion
 
Joseph Michael Gomez
            Appellant
Vs.                  No. 11-03-00349-CR – Appeal from Palo Pinto County
State of Texas
            Appellee
 
            The jury convicted Joseph Michael Gomez of aggravated sexual assault of a child, found the
allegation in the enhancement paragraph to be true, and assessed his punishment at confinement for
50 years. We dismiss the appeal.
            The trial court imposed the sentence in open court on July 11, 2003. Appellant filed a motion
for new trial on August 12, 2003, 32 days after the date sentence was imposed. The notice of appeal
was filed on October 16, 2003, 97 days after the date the sentence was imposed.
            It is unclear from the clerk’s record whether the motion for new trial was timely mailed. 
Both the motion for new trial and the notice of appeal are untimely. TEX.R.APP.P. 21.4 & 26.2.
            On October 24, 2003, the clerk of this court wrote the parties advising appellant that his
appeal appeared to be untimely and requesting that he respond within 15 days showing grounds for
continuing the appeal. Appellant has responded to our October 24 letter. 
            In his response, appellant’s counsel states that the motion for new trial was timely mailed on
August 11, 2003. Attached to the response is a copy of counsel’s cover letter dated August 11 asking
the district clerk to file the motion for new trial. Appellant also argues that the trial court informed
him at the sentencing hearing that the deadlines for filing appeals would run from the time the
judgment was reduced to writing. 
            Rule 26.2(a) provides that “the day sentence is imposed or suspended in open court, or...the
trial court enters an appealable order” is the beginning point for the appellate timetable in criminal
cases. Rule 26.2(a) tracks the language of former TEX.R.APP.P. 41(b) and former TEX. CODE
CRIM. PRO. art. 44.08 by providing that the starting date be the date sentence was entered in open
court. The Court of Criminal Appeals has held that, in the appeal from a conviction, it is the date
the sentence was imposed in open court and not the date the judgment was signed that begins the
appellate timetable. Rodarte v. State, 860 S.W.2d 108 (Tex.Cr.App.1993).
            Assuming that the motion for new trial was timely mailed and, therefore, timely filed,
appellant’s notice of appeal was filed seven days late. An extension of time has not been filed as
required by TEX.R.APP.P. 26.3. Absent a timely notice of appeal or the granting of a timely motion
for extension of time, this court does not have jurisdiction to entertain an appeal. Slaton v. State, 981
S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, 918 S.W.2d 519 (Tex.Cr.App.1996); Rodarte v.
State, supra; Shute v. State, 744 S.W.2d 96 (Tex.Cr.App.1988). 
            Therefore, the appeal is dismissed for want of jurisdiction.
 
                                                                                                PER CURIAM
 
November 20, 2003
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.