MEMORANDUM OPINION


No. 04-03-00813-CR


Henry BOYD,

Appellant


v.


The STATE of Texas,

Appellee


From the 144th Judicial District Court, Bexar County, Texas

Trial Court No. 1992-CR-2371-A

Honorable Susan D. Reed, Judge Presiding


PER CURIAM

 

Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice



Delivered and Filed: December 17, 2003


DISMISSED FOR LACK OF JURISDICTION


 The trial court imposed sentence on July 28, 1993. Because appellant did not file a motion
for new trial, the notice of appeal was due to be filed on August 27, 1993. Tex. R. App. P.
26.2(a)(1). A motion for extension of time to file the notice of appeal was due on September 13,
1993. Tex. R. App. P. 26.3. Appellant did not file a motion for extension of time to file a notice of
appeal, and he filed his notice of appeal on October 16, 2003. On November 24, 2003, we ordered
appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. On
November 26, 2003, appellant's counsel filed a notice of nonrepresentation, stating appellant desires
to hire another attorney. 

 On December 1, 2003, appellant filed a pro se request for a copy of the clerk's record for the
purpose of "work[ing] on [his] case." If appellant is requesting a copy of the clerk's record for the
purpose of preparing a pro se petition for discretionary review of this case, he is entitled to a free
copy of the record for this purpose. See Ross v. Moffit, 471 U.S. 600, 615 (1974) (noting that
appellant will have a transcript of the trial proceedings to assist in seeking discretionary review);
Gilcrease v. State, No. 04-01-00255-CR, 2001 WL 540375, *1 (Tex. App.--San Antonio May 23,
2001, no pet.) (not designated for publication) (noting that an indigent appellant is entitled to a free
record for purposes of appeal, but not for purposes of collateral attack such as a writ of habeas
corpus). However, the district clerk's office is the proper place to make such a request. Therefore,
appellant's motion for a copy of the clerk's record is denied without prejudice to appellant's right
to request such records from the district clerk.

 On December 4, 2003, appellant filed a pro se response to our show cause order, stating he
was unaware of his right to appeal because his attorney led him to plead guilty "under . . . false
pretenses." This court lacks jurisdiction over an appeal of a criminal conviction in the absence of
a timely, written notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); see also Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from felony conviction may be
sought by filing a writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07).
This appeal is therefore dismissed for lack of jurisdiction.


 PER CURIAMDO NOT PUBLISH