11th Court of Appeals
Eastland, Texas
Opinion
 
James Russell Gentry 
            Appellant
Vs.                  No. 11-04-00181-CR – Appeal from Ector County
State of Texas
            Appellee
 
            The jury convicted James Russell Gentry of indecency with a child and assessed his
punishment at confinement for 10 years and a $10,000 fine. The jury further recommended that the
imposition of the sentence be suspended. We dismiss the appeal.
            On March 25, 2004, the trial court placed appellant on community supervision for 10 years. 
A motion for new trial was timely filed. Pursuant to TEX.R.APP.P. 26.2(a)(2), appellant’s notice
of appeal was due to be filed on or before June 23, 2004, 90 days after the date the trial court
suspended the sentence in open court. The clerk’s record reflects that the notice of appeal was filed
on June 30, 2004, 97 days after the sentence was suspended.  
            In response to the clerk of this court’s August 4, 2004, letter notifying the parties that the
appeal appeared to be untimely, appellant has filed a motion for extension of time in which to file
the notice of appeal. Appellant states that he was under the mistaken impression that a new counsel
had been appointed to represent him on appeal. The motion was filed on August 23, 2004, and is
not timely pursuant to TEX.R.APP.P. 26.3.
              Absent a timely notice of appeal or the granting of a timely motion for extension of time,
this court does not have jurisdiction to entertain an appeal. Slaton v. State, 981 S.W.2d 208 (Tex.Cr.
App.1998); Olivo v. State, 918 S.W.2d 519 (Tex.Cr.App.1996); Rodarte v. State, 860 S.W.2d 108
(Tex.Cr.App.1993); Shute v. State, 744 S.W.2d 96 (Tex.Cr.App.1988). In this case, neither the
notice of appeal nor the motion to extend is timely. Appellant may be able to secure an out-of-time
appeal by filing a post-conviction writ pursuant to TEX. CODE CRIM. PRO. ANN. art 11.07
(Vernon Supp. 2004-2005).
            The motion is overruled, and the appeal is dismissed for want of jurisdiction.
 
                                                                                    PER CURIAM
 
August 31, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.