11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Rebecca
May Swiney

Appellant

Vs.                   No.
11-04-00266-CR -- Appeal from Eastland County

State
of Texas

Appellee

 

Appellant, Rebecca May Swiney, was convicted of
theft and sentenced to confinement in the Eastland County Jail for a term of 30
days with the term of confinement being suspended for a term of one year.  The trial court also assessed a fine in the
amount of $250.  The sentence was imposed
on August 6, 2004.  No motion for new
trial was filed.  Pursuant to
TEX.R.APP.P. 26.2(a)(2), appellant=s
notice of appeal was due to be filed on or before September  7, 2004, 30 days after the date the sentence
was imposed.[1]


Appellant filed a notice of appeal with the trial
court clerk on September 14, 2004.  This
court determined that the notice of appeal was untimely upon its receipt of the
clerk=s
record.  This court advised appellant in
writing that the appeal would be dismissed if she did not establish that this
court had jurisdiction.  On December 13,
2004, appellant filed a motion for extension of time to file her notice of
appeal, seeking to extend the filing deadline until September 14, 2004.

In order to extend the time for perfecting an
appeal, TEX.R.APP.P. 26.3 requires that both the notice of appeal and a motion
for extension be filed within 15 days after the deadline for filing the notice
of appeal.  In this instance, the
deadline for filing the motion for extension was September 22, 2004.  Appellant filed her motion for extension in
this court on December 13, 2004.  The
motion is untimely.  The Texas Court of
Criminal Appeals interprets the requirements of Rule 26.3 strictly.








Olivo v. State, 918 S.W.2d 519, 522‑26
(Tex.Cr.App.1996).  Absent a timely
notice of appeal or strict compliance with Rule 26.3, this court lacks
jurisdiction to entertain an appeal.  Slaton
v. State, 981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, supra; Rodarte
v. State, 860 S.W.2d 108 (Tex. Cr.App.1993); Shute v. State, 744
S.W.2d 96 (Tex.Cr.App.1988).  Appellant
may be able to secure an out‑of‑time appeal by filing a post‑conviction
writ pursuant to TEX. CODE CRIM. PRO. ANN. art. 11.07 (Vernon Supp. 2004 ‑
2005).

The motion is overruled, and the appeal is
dismissed for want of jurisdiction.

 

PER CURIAM

 

December 23, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The
thirtieth day after August 6, 2004, fell on Sunday,  September 5, 2004.  The following day was Monday, September 6,
2004, which was Labor Day.  As per
TEX.R.APP.P. 4.1(a), the deadline for filing the notice of appeal was extended
to Tuesday, September 7, 2004.