11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John F.K. McDonald

Appellant

Vs.                   No.  11-04-00268-CR -- Appeal from Shackelford
County

State
of Texas

Appellee

 

The trial court found appellant, John F.K.
McDonald, guilty of theft and assessed his punishment at confinement in the
State Jail Division of the Texas Department of Criminal Justice for a term of
18 months.  The sentence was imposed on
August 19, 2004, as per the trial court=s
judgment.  No motion for new trial was
filed.  Pursuant to TEX.R.APP.P.
26.2(a)(1), appellant=s
notice of appeal was due to be filed on or before September 20, 2004, 30 days
after the date the sentence was imposed.[1]

A timely notice of appeal is necessary to invoke
this court=s
jurisdiction.  Olivo v. State, 918
S.W.2d 519, 522 (Tex.Cr.App.1996). 
Appellant filed a notice of appeal with the trial court clerk on
September 23, 2004.  Upon receiving the
clerk=s record,
this court determined that the notice of appeal was untimely.  This court advised appellant in writing that
the appeal would be dismissed if he did not establish that this court had
jurisdiction.  On December 6, 2004,
appellant filed a written response wherein he contends that he timely filed his
notice of appeal because the trial court=s
judgment of conviction was not signed until August 27, 2004.  Appellant asserts that he had 30 days after
August 27, 2004, to file his notice of appeal because the trial court=s judgment of conviction constituted an
appealable order.  See Rule
26.2(a)(1).








Appellant=s
interpretation of Rule 26.2(a)(1) is incorrect. 
When a defendant appeals from a conviction in a criminal case, the time
to file the notice of appeal runs from the date sentence is imposed or
suspended in open court, not from the date the written judgment of conviction
is signed and entered by the trial court. 
Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Cr.App.1993).
Accordingly, the time period for filing the notice of appeal began on the date
that sentence was imposed (August 19, 2004) irrespective of the fact that the
written judgment of conviction was signed on a later date.

Appellant has not filed a motion seeking to extend
the time for filing the notice of appeal within the time frame required by
TEX.R.APP.P. 26.3.  Absent a timely
notice of appeal or strict compliance with Rule 26.3, this court lacks
jurisdiction to entertain an appeal.  Slaton
v. State, 981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, supra; Rodarte
v. State, supra; Shute v. State, 744 S.W.2d 96
(Tex.Cr.App.1988).  Appellant may be able
to secure an out‑of‑time appeal by filing a post‑conviction
writ pursuant to TEX. CODE CRIM. PRO. ANN. art. 11.07 (Vernon Supp. 2004 ‑
2005).

This appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

December 23, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The
thirtieth day after August 19, 2004, fell on Saturday, September 18, 2004.  As per TEX.R.APP.P. 4.1(a), the deadline for
filing the notice of appeal was extended to Monday, September 20, 2004.