MEMORANDUM OPINION

Nos. 04-05-00346-CR, 04-05-00347-CR and 04-05-00348-CR

Michael HERNANDEZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 81st and 218th Judicial District Courts, Atascosa County, Texas
Trial Court Nos. 04-07-0156-CRA, 04-07-0157-CRA and 04-07-0158-CRA
Honorable Stella Saxon, Judge Presiding

PER CURIAM
 
Sitting:            Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   July 27, 2005

DISMISSED FOR LACK OF JURISDICTION

            The trial court imposed sentence on February 3, 2005. A timely motion for new trial was
filed on March 4, 2005; therefore, the notice of appeal was due to be filed on May 4, 2005. Tex. R.
App. P. 26.2(a)(2). A motion for extension of time to file the notices of appeal was due on May 19,
2005. Tex. R. App. P. 26.3. Appellant filed both a motion to extend time to file his notices of appeal
and his notices of appeal on May 26, 2005, which was beyond the fifteen-day grace period provided
under Rule 26.3.
            In the motion to extend time, appellate counsel states she was appointed to represent
appellant on April 26, 2005; she is currently moving offices; and is currently working on an appellate
brief due in federal court. However, this court lacks jurisdiction over an appeal of a criminal
conviction in the absence of a timely, written notice of appeal. Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); see also Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from
felony conviction may be sought by filing a writ of habeas corpus pursuant to Texas Code of
Criminal Procedure article 11.07). Here, the motion for extension of time and the notices of appeal
were filed beyond the fifteen-day grace period, and therefore, were not timely. Accordingly,
appellant’s motions to extend time are DENIED, and these appeals are therefore dismissed for lack
of jurisdiction.
PER CURIAM
DO NOT PUBLISH