Opinion filed September 28, 2006 















 
 
  
 
 







 
 
  
 
 




Opinion filed September 28, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00245-CR 

                                                    __________

 

                              JEFFREY
FRANK GORDON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
 County, Texas

 

                                             Trial
Court Cause No. CR-05-20635

 



 

                                                                   O
P I N I O N

The jury
convicted Jeffrey Frank Gordon of felony driving while intoxicated.  Appellant entered a plea of true to the
enhancement allegation.  The trial court
assessed punishment at confinement for eight years.  We dismiss.

The
trial court imposed the sentence in open court on July 18, 2006.   Both the motion for new trial and the notice
of appeal were filed in the trial court on September 15, 2006.  A motion for extension of time to file both
the motion for new trial and the notice of appeal was filed in this court on
the same day, September 15, 2006.








Tex. R. App. P. 21.4 provides that a
motion for new trial in a criminal case must be filed within thirty days from
the date the sentence was imposed in open court.  The motion for new trial in this case was
filed fifty-nine days after the date of sentencing and is not timely.  There is no provision for an extension of
time in which to file a motion for new trial. 


In order
to perfect an appeal under Tex. R. App.
P. 26.2 where a motion for new trial has not been timely filed, the
notice of appeal must be filed within thirty days from the date of sentencing.  Appellant=s
notice of appeal was not filed until the fifty-ninth day.  Tex.
R. App. P. 26.3 only allows an extension of time to be granted when both
the notice of appeal and a motion for extension of time are filed within
fifteen days of the original due date for the notice appeal.  In this case, neither the  notice of appeal nor the motion was timely
filed under Rule 26.3.  

Absent a timely notice of appeal or the granting
of a timely motion for extension of time, this court does not have jurisdiction
to entertain an appeal.  Slaton v.
State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519 (Tex. Crim. App. 1996); Rodarte v. State, 860 S.W.2d 108
(Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim. App.
1988).  Appellant may be able to secure
an out-of-time appeal by filing a post-conviction writ pursuant to Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).

The motion is overruled, and the appeal is
dismissed for want of jurisdiction.

 

PER CURIAM

 

September 28, 2006

Do not publish.  See
Tex. R. App. P.  47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.