Opinion filed March 29, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00047-CR 

                                                    __________

 

                                ROBERT ALLEN ORTEGA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
 County, Texas

 

                                                 Trial
Court Cause No. CR18541

 



 

                                                                   O
P I N I O N

The trial court convicted Robert Allen Ortega,
upon his plea of guilty, of burglary of a habitation.  Pursuant to the plea bargain agreement, the
trial court imposed a sentence of confinement for twelve years.  We dismiss the appeal.








The trial court imposed the sentence in open court
on January 4, 2007.  The trial court
stated in its certification of right to appeal that this was a plea bargain
agreement case and that appellant had no right to appeal.  A motion for new trial was not filed.  The records in this court reflect that
appellant filed a pro se notice of appeal on March 8, 2007, sixty-three days
after the date the sentence was imposed in open court.  Also on February 27, 2007, appellant filed in
this court a continuance of notice of appeal.

On March 9, 2007, the clerk of this court wrote
the parties notifying them that it appeared the notice of appeal was not timely
and directing appellant to respond in writing showing grounds for continuing
the appeal.  The clerk also notified the
parties that the trial court had stated that appellant had no right to appeal.  There has been no response to our letter of
March 9, 2007.

Pursuant to Tex.
R. App. P. 26.2(a)(1), appellant=s
notice of appeal was due to be filed within thirty days of the date the
sentence was imposed in open court.  In
order to receive an extension of time in which to perfect his appeal, appellant
was required to file his notice of appeal and proper motion within fifteen days
of the original due date for the notice of appeal.  Tex.
R. App. P. 26.3. Appellant has not complied with the requirements of
either Rule 26.2(a)(1) or 26.3.  Absent a
timely notice of appeal or the granting of a timely motion for extension of
time, this court does not have jurisdiction to entertain an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996);
Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v.
State, 744 S.W.2d 96 (Tex. Crim. App. 1988).

Therefore, this appeal is dismissed for want of
jurisdiction.

 

PER CURIAM

 

March 29, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.