Opinion filed June 28, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed June 28, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00147-CR

                                                    __________

 

                               MICHAEL JYROD LOWRY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16202-B

 



 

                                                                   O
P I N I O N

The
trial court convicted Michael Jyrod Lowry of possession of cocaine with the
intent to deliver and assessed his punishment at confinement for twenty
years.  The sentence was imposed in open
court on December 27, 2006.  A motion for
new trial was filed, and appellant filed his notice of appeal on May 23, 2007.

On June
6, 2007, the clerk of this court wrote the parties stating that the notice of
appeal appeared to be out of time and requesting that appellant respond by June
21, 2007, showing grounds for continuing the appeal.  Counsel has responded to the June 21 letter.








In his
response, counsel contends that the pro se motion for new trial that was
prematurely filed on November 29, 2006, was not only a motion for new trial but
also appellant=s notice of appeal.  We disagree. 
In reviewing the pro se motion for new trial, we note that appellant’s
sole request for relief was a new trial. 
Appellant alleged that his trial counsel was ineffective in great detail
and cited both federal and state law to support his claim that he was entitled
to a new trial.  TEX. R. APP. P. 25.2(c)(2) provides that a document is sufficient as a notice of
appeal if the document “shows the party’s desire to appeal.”  The November 29 motion for new trial shows
only a desire for a new trial and no desire for an appeal.

Pursuant
to Tex. R. App. P. 25.2(b), an
appeal is perfected by the timely filing of a sufficient notice of appeal.  In this case, appellant=s notice of appeal was due to be filed
within ninety days from the date his sentence was imposed in open court.  Tex.
R. App. P. 26.2(b).  Absent a timely notice of appeal or
compliance with TEX. R. APP. P. 26.3, this court lacks jurisdiction to entertain an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App.
1996); Rodarte v. State,
860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d
96 (Tex. Crim. App. 1988).  Appellant may
be able to secure an out-of-time appeal by filing a post-conviction writ
pursuant to TEX. CODE CRIM. PROC. ANN.
art. 11.07 (Vernon 2005).

The appeal is dismissed for want of jurisdiction.

 

 

PER CURIAM

 

June 28, 2007

Do not publish.  See
TEX. R. APP. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.