Opinion filed February 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed February 7, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00010-CR

                                                    __________

 

                                 JIMMY DALE NORVELL, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16460-B

 



 

                                                                   O
P I N I O N

The
trial court convicted Jimmy Dale Norvell of aggregate theft by check and
assessed his punishment at confinement for one year in a state jail facility. 
The trial court imposed the sentence in open court on November 26, 2007.  A
motion for new trial was not filed, and a pro se notice of appeal was filed on
January 9, 2008, forty-four days after the date the sentence was imposed in
open court.  In its certification of defendant=s
right to appeal, the trial court stated that appellant had waived his right to
appeal.  We dismiss the appeal.








On
January 10, 2008, the clerk of this court wrote the parties and informed them
that it appeared that an appeal had not been timely perfected.  Appellant was
advised to respond to this court on or before January 28, 2008, showing grounds
for continuing his appeal.

Appellant
has responded by filing a pro se motion stating that he Ahad to plead guilty,@ that his indictment had been amended over his
objections, and that his trial counsel was incompetent.  Appellant asks this
court to appoint counsel and states that he Acannot
and will not allow attorney of record to violate [his] rights and [attorney=s] oath any further.@

In
order to timely perfect an appeal, the notice of appeal was due to be filed
thirty days after the date sentence was imposed in open court.  Tex. R. App. P. 26.2(a)(1).  Appellant
neither timely filed his notice of appeal nor filed a motion for extension of
time pursuant to Tex. R. App. P. 26.3. 
Absent a timely notice of
appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain
an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte v. State, 860 S.W.2d
108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim.
App. 1988).

The
appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

February 7, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.