Opinion filed June 5, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed June 5, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00148-CR

                                                    __________

 

                                   MAURICE EARL OLER, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 23139-A

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
trial court convicted Maurice Earl Oler of injury to an elderly individual and
assessed his punishment at confinement for four years.  Pursuant to the  plea
bargain agreement, the trial court suspended the imposition of the sentence and
placed appellant on community supervision for six years.  We dismiss the
appeal.








The
trial court placed appellant on community supervision on October 12, 2007.  The
same day, pursuant to Tex. R. App. P. 25.2(a)(2), the trial court
entered its certification of right to appeal, stating that appellant had no
right to appeal and that appellant had waived his right to appeal.  A motion
for new trial was not filed.  Appellant filed his pro se notice of appeal on
May 12, 2008.  On May 19, 2008, the clerk of this court wrote the parties
informing them that it appeared an appeal had not been timely perfected and
directing appellant to respond showing grounds for continuing his appeal. 
Appellant has filed a response.

In
his response, appellant states that he first sent his appeal documents to the
Court of Criminal Appeals.  He includes a copy of a letter from that court
dated April 15, 2008.

In
order to perfect an appeal, a notice of appeal must be timely filed with the
clerk of the trial court.  Tex.
R. App. P. 25.2(b), (c).  The
notice of appeal was due to be filed on or before November 12, 2007,
thirty days from the date the trial court placed appellant on community
supervision.  Tex. R. App. P. 26.2(a).  The requirements of Tex. R. App. P. 26.3 for extending the
time in which to file the notice of appeal were not met.  Absent a timely
notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to
entertain an appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App.
1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte
v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744
S.W.2d 96 (Tex. Crim. App. 1988).

Appellant
has also advised this court that on April 29, 2008, the trial court signed an
order amending the terms and conditions of his community supervision.  We note
that this is not an appealable order.

Therefore,
the appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

June 5, 2008    

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.