**Opinion filed June 18, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00136-CR

_____

## CHARLES EDWARD TAYLOR, JR., Appellant

## V.

## STATE OF TEXAS Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8693D**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Charles Edward Taylor, Jr., upon his plea of guilty, of aggravated sexual assault of a child. A plea bargain agreement was not entered. The trial court assessed punishment at confinement for forty years. We dismiss for want of jurisdiction.

The clerk's record has been filed in this court. The record reflects that the trial court imposed the sentence in open court on January 22, 2009. A motion for new trial was timely filed. In order to timely perfect an appeal, the notice of appeal was due to be filed on or before April 22, 2009, 90

days after the date the sentence was imposed in open court. TEX. R. APP. P. 26.2. The notice of appeal was filed on April 24, 2009.

In order to extend the time for perfecting an appeal, TEX. R. APP. P. 26.3 requires that both the notice of appeal and the motion for extension of time be filed within fifteen days of the original due date for the notice of appeal. The Court of Criminal Appeals has strictly applied the time limits for perfecting an appeal and for extensions of time and has declined to enlarge the time limits under TEX. R. APP. P. 2. *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

Appellant's explanation for failure to timely file his notice of appeal was filed in this court on May 14, 2009, twenty-two days after the original April 22, 2009 due date and beyond the fifteen day time frame in Rule 26.3. Since neither the notice of appeal was timely nor the requirements of Rule 26.3 were met, this court lacks jurisdiction to entertain this appeal. *Slaton*, 981 S.W.2d at 209-10; *Olivo*, 918 S.W.2d at 522-24; *Rodarte*, 860 S.W.2d at109-10; *Shute*, 744 S.W.2d at 97. Appellant may be able to secure an out of time appeal by filing a postconviction writ pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008).

The appeal is dismissed for want of jurisdiction.

PER CURIAM

June 18, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.