Opinion filed April 15,
2010 


 
 
 
 
 
 
 





                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                                  
__________

 

                                                        
No. 11-10-00077-CR

                                                   
__________

 

                        
CHRISTOPHER REID TAYLOR, Appellant

                                                            
V.

                                     
STATE OF TEXAS, Appellee



 

                                  
On Appeal from the 42nd District Court

                                                           
Taylor County, Texas

                                                  
Trial Court Cause No. 23621-A

 



 

                                           
M E M O R A N D U M    O P I N I O N

 

           
The trial court convicted Christopher Reid Taylor of aggravated robbery and
assessed his punishment at confinement for ten years.  We dismiss for want
of jurisdiction.

           
The trial court imposed the sentence in open court on January 11, 2010.  A
motion for new trial and a notice of appeal were filed on March 16, 2010,
sixty-four days after the date the sentence was imposed.  When the appeal
was filed in this court, the clerk of this court wrote the parties stating that
it appeared neither the motion for new trial nor the notice of appeal were
timely pursuant to Tex. R. App. P.
21.4 and 26.2 and directing appellant to respond showing grounds for continuing
his appeal pursuant to Tex. R. App. P. 44.3.  Appellant’s trial counsel has
filed a response on his behalf.

           
In his response, trial counsel states that he had discussed appealing the
conviction with appellant, had advised appellant that he did not think it would
be advantageous to appeal, and informed appellant that he would not proceed
with an appeal unless appellant expressly told him to do so.  Counsel
states that appellant indicated that he understood and that he did not want to
appeal at the time.  Counsel states that, forty-six days after the
sentence was imposed in open court, he was representing appellant in a
different trial court concerning misdemeanor allegations.  Counsel further
states that, “[s]hortly before” the setting on the misdemeanors, he was
informed of a letter appellant sent to the district court.  Counsel states
that he did not see the letter.  The letter was not dated and was not file
marked.  Counsel stated that, as soon as he became aware of the contents
of the letter and appellant’s desire to appeal, he filed both the notice of
appeal and motion for new trial.

           
In order to extend the appellate timetable, a motion for new trial must be
filed within thirty days of the date the sentence is imposed in open
court.  Rule 21.4.  Without a timely motion for new trial, the notice
of appeal must be filed within thirty days of the date the sentence is imposed
in open court.  Rule 26.2(a).  The time for filing a notice of appeal
may be extended if, within fifteen days of the original due date, the actual
notice of appeal is filed in the trial court and a motion for extension of time
is filed in the appellate court.  Tex.
R. App. P. 26.3.  No motion for extension of time was filed in this
court, and the notice of appeal was filed outside of the fifteen-day time
frame. Absent a timely notice of appeal or the granting of a timely motion for
extension of time, this court does not have jurisdiction to entertain an
appeal.  Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim. App.
1998); Olivo v. State, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996); Rodarte
v. State, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); Shute v. State,
744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

           
Through an apparent failure of communication, neither the notice of appeal nor
an extension of time was filed in compliance with Rules 26.2 and 26.3. 
Appellant may be able to secure an out-of-time appeal by complying with Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2009).

           
The appeal is dismissed for want of jurisdiction.

                                                           


April 15,
2010                                                                        
PER CURIAM

Do not
publish.  See Tex. R. App.
P. 47.2(b).

Panel consists of:  Wright,
C.J.,

McCall, J., and Strange, J.