Opinion filed July 8, 2010


 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00164-CR 

                                                    __________

 

                                  ROSALIO
CARRERA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR35132

 



 

                                           M
E M O R A N D U M     O P I N I O N

            The
trial court convicted Rosalio Carrera, upon his plea of guilty, of indecency
with a child.  Pursuant to the plea bargain agreement, the trial court sentenced
appellant to confinement for two years.  We dismiss the appeal.

            The
trial court imposed the sentence in open court on January 13, 2010.  On June
10, 2010, appellant filed a pro se notice of appeal.  This court notified the
parties that the notice of appeal was not timely and directed appellant to file
a response showing grounds for continuing the appeal.  Appellant has filed a
response.

            In
his response, appellant contends that he was interviewed without properly being
informed of his rights, that he was not appointed a bilingual attorney, that
the evidence was questionable because his son-in-law was a drug user, that the
prosecutor had him sign a document outside the presence of his attorney, that
he had been held in violation of his right to a speedy trial, that he only
signed the plea bargain agreement to be released from incarceration, that his
plea was not voluntary, and that he has been denied due process of law. 
Appellant does not address the untimeliness of his notice of appeal or whether this
court’s jurisdiction has been invoked.

            Absent a timely notice of appeal or
compliance with Tex. R. App. P.
26.3, this court lacks jurisdiction to entertain an appeal.  Slaton v. State,
981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 522-24 (Tex. Crim. App. 1996); Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim.
App. 1993); Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). 
Appellant may be able to secure an out-of-time appeal by filing a
postconviction writ pursuant to Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon 2009).

            The
appeal is dismissed.

 

                                                                                                PER
CURIAM

 

July 8, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.