**Opinion filed July 22, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00140-CR
_____

## MARVIN RAY HAILE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. CR023655**

## M E M O R A N D U M   O P I N I O N

Marvin Ray Haile pleaded guilty on May 21, 2008, to the offense of harassment. The trial court deferred the adjudication of his guilt, placed him on community supervision for two years, and assessed a fine of $100. On October 24, 2008, the State filed a motion to adjudicate guilt. Upon appellant's plea of "true" to the allegations in the motion to adjudicate, the trial court entered its Final Adjudication Order of Probation on December 17, 2008, wherein it revoked appellant's community supervision, adjudicated his guilt, and sentenced him to confinement for a term of 120 days in jail. We dismiss the appeal for want of jurisdiction.

The trial court imposed the sentence in open court on December 17, 2008. Appellant filed his pro se notice of appeal in the trial court on June 8, 2010, over seventeen months after the date the sentence was imposed. TEX. R. APP. P. 26.2 requires that a notice of appeal must be filed within thirty days after the sentence is imposed in open court or within ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial.[1] Accordingly, the notice of appeal is not timely.[2] Furthermore, a motion for extension of time to file the notice of appeal was not filed in compliance with TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

The appeal is dismissed for want of jurisdiction. All pending motions in this appeal are overruled.

PER CURIAM

July 22, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]A motion for new trial must be filed within thirty days after the trial court imposes sentence in open court. TEX. R. APP. P. 21.4.

[2]Appellant states in his docketing statement that he also filed notices of appeal on February 5, 2010; April 2, 2010; and May 11, 2010. These purported notices of appeal are also untimely filed.