Opinion filed July 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00140-CR

                                                    __________

 

                                  MARVIN
RAY HAILE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                  Trial
Court Cause No. CR023655

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Marvin Ray Haile pleaded guilty on May 21, 2008, to the offense of harassment.  The
trial court deferred the adjudication of his guilt, placed him on community
supervision for two years, and assessed a fine of $100.  On October 24, 2008, the
State filed a motion to adjudicate guilt.  Upon appellant’s plea of “true” to
the allegations in the motion to adjudicate, the trial court entered its Final
Adjudication Order of Probation on December 17, 2008, wherein it revoked appellant’s
community supervision, adjudicated his guilt, and sentenced him to confinement
for a term of 120 days in jail.  We dismiss the appeal for want of
jurisdiction.

The
trial court imposed the sentence in open court on December 17, 2008.  Appellant
filed his pro se notice of appeal in the trial court on June 8, 2010, over
seventeen months after the date the sentence was imposed.  Tex. R. App. P. 26.2 requires that a
notice of appeal must be filed within thirty days after the sentence is imposed
in open court or within ninety days after the sentence is imposed in open court
if the defendant timely files a motion for new trial.[1] 
Accordingly, the notice of appeal is not timely.[2] 
Furthermore, a motion for extension of time to file the notice of appeal was not
filed in compliance with Tex. R. App. P.
26.3.  Absent a timely notice of appeal or compliance with Rule 26.3, this
court lacks jurisdiction to entertain an appeal.  Slaton v. State, 981
S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d
519, 522-24 (Tex. Crim. App. 1996); Rodarte v. State, 860 S.W.2d 108, 109-10
(Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim.
App. 1988).

The
appeal is dismissed for want of jurisdiction.  All pending motions in this
appeal are overruled.

 

PER CURIAM

 

 

July 22, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]A motion for new trial must be filed within thirty days
after the trial court imposes sentence in open court.  Tex. R. App. P. 21.4.

 





[2]Appellant states in his docketing statement that he
also filed notices of appeal on February 5, 2010; April 2, 2010; and May 11,
2010.  These purported notices of appeal are also untimely filed.