Opinion filed November 4,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00283-CR

                                                    __________

 

                          ANTHONY
PAUL DELACRUZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                            Fisher
County, Texas

 

                                                       Trial
Court Cause No. 3383

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Anthony
Paul DelaCruz[1]
was convicted of the offense of aggravated
sexual assault of an elderly person.  On August 4, 2010, the trial court
sentenced him in open court to confinement for fifty years pursuant to a plea
bargain agreement.  We dismiss the appeal.

            A
motion for new trial was not filed.  Therefore, the notice of appeal was due to
be filed within thirty days of the date the sentence was imposed in open court
in order to timely perfect an appeal.  Tex.
R. App. P. 26.2.   Appellant filed his pro se notice of appeal on September
16, 2010, forty-three days after the date the sentence was imposed in open
court.  A motion to extend time was not filed pursuant to Tex. R. App. P. 26.3.  Absent a timely
notice of appeal or the granting of a timely motion for extension of time, this
court does not have jurisdiction to entertain an appeal.  Slaton v. State,
981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 522-24 (Tex. Crim. App. 1996); Rodarte v. State, 860 S.W.2d
108, 109-10 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96, 97
(Tex. Crim. App. 1988).

            Moreover,
we note that the trial court stated in its certification of defendant’s right
to appeal that this was a plea bargain agreement case and appellant had no
right to appeal and that appellant had waived his right to appeal.

            The
appeal is dismissed.

 

                                                                                                PER
CURIAM

 

November 4, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).          

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









      [1]The spelling of appellant’s name is taken from
signature on notice of appeal and right of appeal.