MEMORANDUM OPINION

 

No. 04-10-00723-CR

 

Arturo Gerardo Vela,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the County Court
at Law No. 9, Bexar County, Texas

Trial Court No. 297043

Honorable Laura
Salinas, Judge Presiding

 

PER CURIAM

 

Sitting:                     Sandee Bryan Marion, Justice

                     Phylis
J. Speedlin, Justice

                     Rebecca
Simmons, Justice

 

Delivered and
Filed:  November 24, 2010

 

DISMISSED FOR
LACK OF JURISDICTION

 

The trial court imposed sentence on July 7, 2010.  Appellant timely filed a motion for new trial;
therefore, the notice of appeal was due to be filed on October 5, 2010.  Tex. R. App. P. 26.2(a)(2).  Appellant
filed his notice of appeal on October 7, 2010.  A motion for extension of time
to file the notice of appeal was due on October 20, 2010.  Tex. R. App. P. 26.3.  Appellant did
not file a motion for extension of time to file a notice of appeal.  On November 2, 2010, we ordered appellant to show cause why his appeal should not be
dismissed for lack of jurisdiction.  In response, appellant filed a pro se Motion
to Request Leave to Untimely File Notice of Appeal, in which he states he
believed his deadline to file his notice of appeal was October 7, 2010.

“[A] late notice of appeal may be considered timely so as to invoke a court of appeals’ jurisdiction
if (1) it is filed within fifteen days of the last day allowed for filing, (2)
a motion for extension of time is filed in the court of appeals within fifteen
days of the last day allowed for filing the notice of appeal, and (3) the court
of appeals grants the motion for extension of time.”  Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citation omitted); see Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that
rationale in Olivo is still valid).  Appellant did not timely file his
notice of appeal, nor did he file a motion for extension of time within fifteen
days of the last day allowed for filing the notice of appeal.

This court lacks
jurisdiction over an appeal of a criminal conviction in the absence of a
timely, written notice of appeal.  Olivo, 918 S.W.2d at 522; Shute v.
State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); see also Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time
appeal from felony conviction may be sought by filing a writ of habeas corpus
pursuant to Texas Code of Criminal Procedure article 11.07).  Accordingly, appellant’s
motion is denied and this appeal is dismissed for lack of jurisdiction.

PER CURIAM

 

Do not publish