



# MEMORANDUM OPINION

No. 04-10-00723-CR

Arturo Gerardo **VELA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 297043
Honorable Laura Salinas, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on July 7, 2010. Appellant timely filed a motion for new trial; therefore, the notice of appeal was due to be filed on October 5, 2010. TEX. R. APP. P. 26.2(a)(2). Appellant filed his notice of appeal on October 7, 2010. A motion for extension of time to file the notice of appeal was due on October 20, 2010. TEX. R. APP. P. 26.3. Appellant did not file a motion for extension of time to file a notice of appeal. On November 2, 2010, we ordered appellant to show cause why his appeal should not be dismissed for lack of jurisdiction.

In response, appellant filed a pro se Motion to Request Leave to Untimely File Notice of Appeal, in which he states he believed his deadline to file his notice of appeal was October 7, 2010.

"[A] late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citation omitted); *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that rationale in *Olivo* is still valid). Appellant did not timely file his notice of appeal, nor did he file a motion for extension of time within fifteen days of the last day allowed for filing the notice of appeal.

This court lacks jurisdiction over an appeal of a criminal conviction in the absence of a timely, written notice of appeal. *Olivo*, 918 S.W.2d at 522; *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from felony conviction may be sought by filing a writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07). Accordingly, appellant's motion is denied and this appeal is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish