**Opinion filed December 16, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00300-CR

_____

## ANTHONY RAY DAVISON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 278th District Court**

**Walker County, Texas**

**Trial Court Cause No. 24451**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Anthony Ray Davison, upon his plea of guilty, of burglary of a building and found both enhancement allegations to be true. A plea bargain agreement was not reached. The trial court assessed punishment at confinement for twenty years. We dismiss.

The sentence was imposed in open court on April 1, 2010. On August 26, 2010, appellant filed his pro se notice of appeal, motion for extension of time in which to file his notice of appeal, and motion requesting the appointment of counsel on appeal. On September 3, 2010, the present appellate counsel was appointed.

Counsel has filed a response to our letter of November 16, 2010. The clerk of this court wrote appellant and advised that the notice of appeal appeared to be untimely filed. The letter directed appellant to file a response to establish grounds for continuing the appeal. Counsel requested that we wait until the clerk's record was received in our court to determine the actual dates the sentence was imposed and the notice of appeal was filed.[1] The clerk's record has now been received in this court, and it confirms that April 1 was the date the sentence was imposed in open court. The clerk's record also confirms that the pro se notice of appeal and the motion for extension of time were filed on August 26, 2010, 147 days after the date the sentence was imposed in open court. The pro se notice of appeal is the only notice of appeal from the judgment in this case that is contained in the clerk's record, and there is no indication on the docket sheet that trial counsel filed a notice of appeal in this case.

Absent a timely notice of appeal or the granting of a timely motion for extension of time, this court does not have jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). Neither appellant's pro se notice of appeal nor his pro se motion for extension of time was timely pursuant to TEX. R. APP. P. 26.2 and 26.3.

Therefore, the appeal is dismissed for want of jurisdiction.

PER CURIAM

December 16, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]We note that the notice of appeal counsel attached to his response was filed in appellant's companion case: Trial Court Cause No. 24,709, our Cause No. 11-10-00301-CR. A notice of appeal in that case was timely filed by appellant's trial counsel.