**Opinion filed July 11, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00176-CR
_____

## RONALD JEROME CURTIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21001-A**

## M E M O R A N D U M   O P I N I O N

This is the second appeal that Ronald Jerome Curtis has filed from the January 20, 2012 judgment revoking his community supervision. On March 7, 2013, this court dismissed Curtis's first appeal for want of jurisdiction because the clerk's record indicated that his pro se notice of appeal was filed in the district

clerk's office more than one year after the date sentence was imposed. *Curtis v. State*, No. 11-13-00038-CR, 2013 WL 873650 (Tex. App.—Eastland Mar. 7, 2013, n.p.h.) (mem. op., not designated for publication). Subsequent to the March 7 dismissal, Curtis filed an untimely motion for new trial in the trial court and another notice of appeal. We dismiss the appeal.

When this appeal was filed, we notified Curtis by letter dated June 17, 2013, that the notice of appeal appeared to be untimely. We requested that Curtis respond and show grounds to continue this appeal. We also informed him that the appeal may be dismissed for want of jurisdiction.

Curtis filed a response requesting this court to suspend the rules. This court is prohibited from suspending the rules to enlarge the time for filing a notice of appeal. The Court of Criminal Appeals has strictly applied the time limits for perfecting an appeal and for extensions of time and has declined to permit an intermediate court of appeals to apply TEX. R. APP. P. 2 (entitled Suspension of Rules) to extend the time limit for filing a notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 209–10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–24 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109–10 (Tex. Crim. App. 1993); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed within thirty days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Curtis's notice of appeal was filed on June 17, 2013, well over one year after his sentence was imposed in open court. His notice of appeal is, therefore, untimely. Absent a timely notice of appeal, this court lacks jurisdiction

to entertain an appeal.  *Slaton*, 981 S.W.2d 208; *Olivo*, 918 S.W.2d 519; *Rodarte*, 860 S.W.2d 108.  Because we have no jurisdiction, we must dismiss the appeal.[1]

This appeal is dismissed for want of jurisdiction.

PER CURIAM

July 11, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

---

[1]We note that Curtis may, however, be able to secure an out-of-time appeal by filing a postconviction writ pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).